JOHN AVERY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

When and under what circumstances a mistrial will be declared, is a question, pretty much in the discretion of the Court.

A new trial will not be ordered, upon the ground of newly discovered evidence, when the party has been guilty of gross *laches* in not having obtained it on the trial of the case. Nor where if introduced, it could not possibly change the verdict.

Assault, with intent to murder: Motion for new trial from Sumter county. Tried before Judge ALLEN, March Term, 1858.

John Avery, the defendant below, was put upon his trial for an assault with intent to kill Irwin T. Harrell, and pleaded not guilty.

*George T. Wilson* as one of the panel of jurors, came to the book to be sworn, and the State objected on the ground, that he was intoxicated, and the Court rejected him as a juror, without hearing any evidence as to the fact of his really being intoxicated. The Court examined the juror himself, and it was perfectly plain to every body, that he was intoxicated. Defendant thereupon excepted.

The State proposed to prove the number of scholars in the

school-house at the time of the shooting. Defendant objected on the ground, that the indictment did not charge the defendant with shooting at any one except Harrell, which objection was overruled, and defendant excepted.

*J. T. Harrell* sworn for the State says: He heard a gun fire when he was in his school room on the 17th August, 1857. Defendant was standing sixty or seventy yards therefrom with a gun in his hand, and smoke arising therefrom. Witness had just passed the door; some of the shot struck the outside of the door, some went through the crack and stuck in the other side of the house; there were about twenty scholars in the house at the time. Defendant lived about one hundred yards from the school house, and had previously said he would shoot witness' brains out or the brains of some of the scholars, on Thursday before the shooting. Manifested ill-will the whole of the year, said he would keep them out of his field, if they did not keep themselves out. Witness promised to keep the boys out of his field. One of the boys accidentally knocked a ball into defendant's field, and witness asked permission for them to go and get it. Defendant threatened to break up the school. The shot were between the size of a duck shot, and buck shot; no one was struck by the shot.

*James McDonald*, one of the scholars testified about the same. That it was a single barrelled gun.

*William R. Harrell* was there; thinks defendant shot at J. T. Harrell, more than any one else, and testified about the same as the other witnesses. On Thursday or Friday, saw defendant going along, making threats, in an angry manner; did'nt understand what he said. Knew it was defendant who shot, and saw him immediately after.

*John Jarrell* testified to about the same.

*Joel Logan* was there at the time, when defendant shot into the school house; saw defendant with a gun in his hands, standing still; he supported the testimony of the other witnesses.

*Caleb Jones,* had two conversations with defendant about the school, in which defendant stated, that the scholars were intruding on him, that there was some misunderstanding between him and the scholars, and also between him and Harrell, the teacher, and if they did'nt mind, he would shoot Harrell. That the school house was not on his land, but that Knight put it there to devil him; that the children wanted to get water out of his well, but he would not let them, and if they did not mind, some of them would get. shot; that before he would be outdone, he would do it. Saw defendant twice that day. Witness entertained bad feelings towards defendant; was sworn twice before in this case, as defendant's witness. Was sent for by defendant to Terrell county, by a bailiff.

None of the witnesses saw the actual firing of the gun by defendant, but all saw him with the gun in his hand, standing in the cornfield a short distance from the house; no one with him, and nothing to obstruct a distinct view of him; he had a gun in his hand and smoke was rising from the gun or about him; defendant was facing the door; after firing stood awhile, short time, and walked away.

The defendant introduced no evidence; requested the Court to charge the jury, that unless they believed from the evidence that the defendant intended to kill Irwin T. Harrell, they must acquit the prisoner.

The Court refused to charge as requested, but charged the jury that if they believed he shot into the school house with an intention to kill any one, with an indifference as to who he should kill, they must find the prisoner guilty.

To which charge and refusal to charge, the defendant excepted.

The Court charged the jury, that previous threats were evidence of malice, and defendant excepted.

The jury returned a verdict of guilty.

The defendant moved the Court for a new trial, upon the grounds to which defendant excepted to the ruling of the Court in the progress of the trial; and also, upon the following additional grounds:

That the Court erred in holding, that the defendant could be put upon trial again, when at a previous Term of the Court, there had been a mistrial declared without the consent of the defendant, and that the verdict was contrary to law and evidence, and on the ground of newly discovered evidence, as appeared from the affidavits of Salter and Gaines.

There was an affidavit of Moses Avery, son of defendant, stating that defendant on the evening of the 16th August, left home to go down to the house of M. G. Garner, and did'nt return until the evening of the 17th; that before dinner of the 17th witness shot a shot gun at a bird, some eighty or ninety yards from the school house, in the cornfield, but with no intention of hitting the school house; that he was at home all that day, and heard no gun except the one he shot at the bird, and would have heard one, if it had fired.

*Salter* made affidavit that defendant came to his house on the 16th, Sunday; and next morning 17th August, 1857, went over to the house of Cox, Justice of the Peace, and took out an attachment against Caleb Jones, and returned to witness' house, between ten and eleven o'clock, A. M., and remained there until between two and three o'clock, P. M. Deponent lived over two miles from the school house, and knew that defendant could not have been at the school house at eleven o'clock, A. M. on the 17th August, 1857; that said attachment was levied at half after eleven o'clock, A. M. on that day.

*Salter* swears in his affidavit, that he saw defendant at Branchville depot, over two miles from the school house at ten o'clock, A. M., and defendant remained there until half past eleven o'clock, A. M. Garner lived near Branchville, just in sight.

The witnesses for the State testified the shooting to be about eleven o'clock, and that it was not Moses Avery who shot, for they knew him, and defendant too.

The Court overruled the motion for a new trial, and, defendant excepted, and assigns error.

TUCKER & BEALL, for plaintiff in error.

Sol. Gen'l, EVANS, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

We have carefully examined the various grounds upon which the motion for a new trial was moved in this case; and feel satisfied that the Court was right in refusing the application.

As to the fifth ground, that the Court erred in holding, that the defendant could be put upon his trial again, when at a previous Term of the Court, there had been a mistrial declared, without the consent of the accused, this Court held in the case of *Williford against the State*, 23 *Ga. Rep.* 1, that at what time, and under what circumstances the Court would discharge the jury from the further consideration of of a criminal case, is a question left pretty much to its own discretion, and that the doctrine, that a mistrial amounts to an acquittal, has long since been exploded.

As to the newly discovered evidence, no reason is shown, why it was not offered on the trial. The witnesses were living in the immediate vicinity of the defendant; and the *alibi*, of course, well known to him, if indeed it was true. That is not all: the newly discovered evidence is reconcileable with the other proof. There is really no conflict. It is a mere difference of opinion, as to the time of day when the shooting took place, about which, the witnesses might very naturally be mistaken. In this remark, we do not in-

clude the testimony of the son, respecting which, delicacy forbids that we should make any comment.

But all this proof, if introduced, could not change the verdict. The testimony is overwhelming, that John Avery discharged the gun. He was distinctly seen and fully identified, both by teacher and pupils, who knew him intimately and well. And that is not all: the crime was committed in the execution of a previous threat. The accused suffered himself to be overpowered by the worst passions of our nature.

The judgment must be affirmed.

Judgment affirmed.