*W. A. James,* for plaintiff in error.
*W. K. Fielder, solicitor-general,* contra.

---

### NIXON *v.* THE STATE.

1. It is not necessary that an indictment or presentment shall show upon its face the term at which it is found.    It is sufficient if this fact appears upon the back of the indictment or presentment where the return of the grand jury is entered.

2. A special presentment, based upon the act approved December 20, 1898 (Acts 1898, p. 60), charging one with carrying about his person metal knucks, not in an open manner and fully exposed to view, need not allege

.that the knucks were "manufactured and sold for the purpose of offense and defense."

3. One can not invoke an erroneous ruling and afterwards take advantage of the error thus committed.

4. While the failure to swear a witness before a grand jury might be a sufficient reason for quashing an indictment or presentment founded in part upon the testimony of such witness, if a proper plea in abatement is filed, it is not a sufficient reason for acquitting the accused after issue joined.

5. It is not a good ground of challenge to the array that the panel of jurors embraces one or more disqualified jurors. Objection to such jurors should be raised by a challenge to the poll.

6. The evidence warranted the verdict, and there was no error requiring the granting of a new trial.

Argued October 18, — Decided November 10, 1904.

Indictment for carrying concealed weapon. Before Judge Bartlett. Douglas superior court. June 17, 1904.

The accused was convicted upon a presentment based upon the act approved December 20, 1898 (Acts 1898, p. 60), charging him with carrying metal knucks concealed about his person. He assigns error upon the refusal of the judge to grant him a new trial, and upon other rulings made in the case.

*J. S. James*, for plaintiff in error.

*W. K. Fielder, solicitor-general*, contra.

COBB, J. 1. A demurrer was filed, setting up that the presentment, did not show upon its face at what term it was found. The return of the grand jury, entered upon the back of the presentment, showed that it was found at the May term, 1903. This was sufficient.

2. Another ground of the demurrer was that the presentment did not allege that the metal knucks were "manufactured for the purpose of offense and defense." This was not necessary. The words quoted appearing in the statute do not qualify any word except "knives."

3. After the jury had been sworn and the trial had begun, it was discovered that one of the jurors selected was a member of the grand jury that returned the presentment. Upon motion of the accused a mistrial was declared and the jury discharged. When put on trial before another jury the accused entered a plea of former jeopardy, which the court overruled. There was no error in this ruling. The accused was bound by the judgment on

his motion for a mistrial, whether the ground of the motion was well taken or not.    One can not invoke an erroneous ruling and then take advantage of the error thus committed.    *Quattlebaum* v. *State*, 119 *Ga.* 433 (2), and cit.

4. The court refused to charge the jury, at the request of the accused, that if Harding, who was a member of the grand jury which returned the presentment, was not ·sworn as a witness before he testified before the grand jury, the presentment was void, and the accused should be acquitted.    Without determining now whether the oath taken by a grand juror is a sufficient oath to authorize him to testify before the grand jury as a witness, it is sufficient to say that objection on this ground can be urged only by a plea in abatement, and that the failure to swear the juror as a witness constitutes no reason for acquitting the accused after issue joined.

5. After a mistrial had ·been declared, the court caused a panel of 24 jurors to be made up, in which were embraced those members of the original panel who had been stricken when the first jury was empanelled; and objection was made to this panel because it embraced such jurors.    This was not a good ground of challenge to the array.    If there was objection to any of the individual jurors for any reason, the objection should have been raised by a challenge to the poll.    *Humphries* v. *State*, 100 *Ga.* 260 ; *Thompson* v. *State*, 109 *Ga.* 272.

6. The evidence authorized the verdict.    The remarks of the judge in reference to the unnecessary consumption of time were not of such a character as to require the granting of a new trial. There was no error authorizing a reversal of the judgment.

*Judgment affirmed.    All the Justices concur.*