63184. THE STATE v. ABDI.

BIRDSONG, Judge.

The state appeals the trial court's grant of the defendant's plea in bar (former jeopardy) and direction of verdict of acquittal.

The record shows that in the rape trial below when the victim, in response to a question by defense counsel as to whether the defendant ejaculated, made a remark concerning the physical process of sexual ejaculation, the defense attorney said, "You have had personal experience with that?" The prosecutor objected under Code Ann. § 38-202.1 and asked for a rebuke but stated he was not asking for a mistrial. Nevertheless, the trial court sua sponte directed a mistrial, saying, "That [question] is highly improper and . . . I don't want this jury to pass on a case with that sort of evidence before them," whereat he dismissed the jury and left the courtroom, thus

---

apparently giving the defense counsel no chance to consent or object.

Subsequently, the defendant through counsel filed before another judge a "motion to dismiss or acquit by reason of former jeopardy." By this motion he contended that the grant of mistrial was a gross abuse of discretion without legal right and was an improper termination (Code Ann. § 26-507 (a) (2)), there being "no moral or physical necessity" for mistrial (*Oliveros v. State,* 120 Ga. 237 (47 SE 627)), and that a further prosecution was barred by law because the trial court granted the mistrial without defendant's consent (*Oliveros,* supra, p. 243). In sustaining the defendant's plea in bar and directing an acquittal, the trial judge held that "the trial of August 18, 1981, was improperly terminated without the consent of the Defendant, and . . . the Defendant did not waive his right to object; see Code Ann. § 26-507 (a) (2); Cherry v. Director, State Bd. of Corrections, 613 F2d 1263 (5th Cir. 1980), and *Oliveros v. State* [supra], Fifth Amendment, U. S. Constitution, and Article 1, Section 1, Constitution of State of Georgia (Code Ann. § 2-115)." *Held:*

We reverse this judgment. The trial court overlooked this salient fact: that it was the defendant who, by injecting evidence irrelevant to the issue and prejudicial to the state, precipitated this mistrial.

The Georgia Constitution provision cited by the trial court (Code Ann. § 2-115) provides: "No person shall be put in jeopardy of life or liberty more than once for the same offense, save . . . in case of mistrial." As an embellishment of this constitutional provision, Code Ann. § 26-507 (a)(2) provides that a second prosecution is barred if the former prosecution "was terminated improperly. . . ." Section 26-507 (e) provides: "termination . . . is not improper [if] (1) the accused consents to the termination or waives, by motion to dismiss or other affirmative action, his right to object to the termination. . . ."

It is true that a second prosecution is not barred if the defendant consents or waives his right to object to the mistrial which ended the first trial (Code Ann. § 26-507 (e)(1)); *Oliveros,* supra; and see *Haynes v. State,* 245 Ga. 817 (268 SE2d 325); but it does not follow that in all cases of mistrial further prosecution is barred if the defendant did not consent to mistrial or waive his consent. The principle expressed in the *Oliveros* case, supra, merely affirms that the defendant has a right to be tried once and for all for the offense, and that consequently where a mistrial is granted because of *prejudice caused to the defendant,* the defendant has the right to object to a mistrial (and thus insist on this trial) despite any such prejudice to himself, and this was held to be the case in *Oliveros,* supra. (We must observe,

however, that pursuant to Code Ann. § 26-507 (e)(2) (Ga. L. 1968, pp. 1249, 1267), the trial court appears to be empowered, as a proper termination not barring further prosecution, to declare mistrial when it is impossible to proceed with trial without injustice to the defendant, independent of the defendant's consent or lack of consent.) If mistrial is declared because of technical or physical impossibility, the defendant's "consent" is obviously not required at all (Code Ann. § 26-507 (e)(2)(a)(c)); *Avery v. State,* 26 Ga. 233, 237), although if he does consent thereto, he surely cannot complain. See *Lyde v. State,* 241 Ga. 111 (243 SE2d 64). And where the defendant creates or causes apparent irreparable prejudice to the state, we cannot, in the first place, see how he could have any right to object to a mistrial so as to force the state to continue in an unfair trial and thereby hope to obtain an acquittal. Requiring the defendant's consent to mistrial in a case where he has precipitated the mistrial would be an absurdity. Allowing a defendant to create prejudicial error in a case and then refuse consent to mistrial, and thereby escape further prosecution, would be an even greater absurdity. See esp. *Haynes,* supra. And this is true even where such mistrial is erroneously granted, for it is error induced by the defendant. *Nixon v. State,* 121 Ga. 144 (3) (48 SE 966).

The trial court has the duty to ensure a fair trial to all parties in a case. The trial court has as much authority to grant a mistrial where injustice is caused to the state as where injustice is caused to the defendant (see *Manchester v. State,* 171 Ga. 121, 132 (155 SE 11)), and nothing in Code Ann. § 26-507 says otherwise. The trial court determined that in this case the injection by the defense of matter strictly prohibited by the Georgia "shield law" (Code Ann. § 38-202.1) irreparably prejudiced the right of the state to a fair trial. In these circumstances, the trial court determined that mistrial was a "moral necessity" (*Oliveros,* supra) and a legal necessity, and we cannot say the trial court abused its discretion on that account. *Manchester,* supra; and see *Western &c. R. v. Hart,* 95 Ga. App. 810 (99 SE2d 302); Code Ann. § 81-1009. In any case, even if direction of mistrial was error, still it was error induced by the defendant and he cannot take advantage of it to plead former jeopardy. *Nixon,* supra.

A mistrial is not an acquittal barring a second prosecution, *Williford v. State,* 23 Ga. 1. Under no logic is the defendant entitled to an acquittal when he has caused the prejudice to the state that precipitated the mistrial.

The trial court below erred in directing an acquittal on account of the earlier mistrial in the case, and erred in sustaining defendant's plea of former jeopardy. The judgment is reversed.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 12, 1982 —
REHEARING DENIED APRIL 1, 1982 — 

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, A. Thomas Jones, Assistant District Attorneys,* for appellant.
*T. Jackson Bedford, Jr.,* for appellee.