## 67410. BLOUNT v. THE STATE.

DEEN, Presiding Judge.

This appeal is from the trial court's denial of appellant Blount's motion to dismiss her indictment for welfare fraud, on the ground of prior jeopardy in a proceeding which, she alleges, was improperly terminated in a mistrial. The court had declared the mistrial when the state declined to consent to proceeding with only eleven jurors following the court's excusing a juror after the trial had begun and two prosecution witnesses had testified. No alternate jurors had been impaneled. Although the defense consented to the case being heard by an eleven-member panel, the state was adamant in its refusal. On

appeal Blount enumerates two errors: (1) the denial of her motion to dismiss the indictment, on the basis that there had been no "manifest necessity" for terminating the trial over defense counsel's objection; and (2) the trial court's refusal to allow appellant to waive trial by twelve jurors. *Held:*

1. Because a determination regarding appellant's first enumeration is dependent upon the court's assessment of the merits of the second, we shall address them in reverse order. Appellant's second enumeration of error is controlled adversely to her by the holding of Georgia's Supreme Court in *Glass v. State,* 250 Ga. 736 (300 SE2d 812) (1983). In *Glass* the court acknowledged, at 738, that "[a]lthough there are some states which hold that a defendant in a criminal case cannot waive a jury of 12 jurors and accede to a trial by a lesser number," in Georgia a criminal defendant is free to waive that right. Relying on Patton v. United States, 281 U. S. 276 (50 SC 253, 74 LE 854) (1930), the court held, however, that " 'before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.' " Id. Because the state refused its consent, the court properly refused to allow the defendant to waive trial by twelve jurors. This enumeration is without merit.

2. "Retrial of a criminal defendant after a mistrial . . . does not constitute double jeopardy where there is manifest necessity for declaring the mistrial. *Orvis v. State,* 237 Ga. 6 (2) (226 SE2d 570) (1976); United States v. Perez, 22 U. S. 579 (6 LE 165; 9 Wheat 579) (1824)." *Glass v. State,* supra at 738. Appellant contends that the court's excusing the juror was improper because the latter's situation did not constitute manifest necessity, as required by OCGA § 16-1-8 (Code Ann. § 26-507). The juror had expressed to the court a fear that as the sole white juror trying a black defendant, she might be subjected to harassment if she did not go along with the decision of the other jurors. This fear was based on the fact that, during the testimony of one of the prosecution witnesses (the defendant's social worker), one of the other jurors had expressed doubts as to the witness' credibility. The trial court, in the exercise of his discretion, decided that the juror's obviously distraught state warranted her being excused. He thereupon dismissed her and inquired as to the parties' willingness to proceed with only eleven jurors, with the result noted above.

"The trial court has the duty to ensure a fair trial to all parties in a case. The trial court has as much authority to grant a mistrial where injustice [would otherwise be] caused to the state as where injustice [would be] caused to the defendant . . ., and nothing in [OCGA § 16-1-8 (Code Ann. § 26-507)] says otherwise." *State v. Abdi,* 162 Ga.

App. 20, 22 (288 SE2d 772) (1982). The grant or refusal of a mistrial is largely within the court's discretion. *Manchester v. State,* 171 Ga. 121, 137 (155 SE 11) (1930); *State v. Abdi,* supra; *Cross v. State,* 136 Ga. App. 400 (221 SE2d 615) (1975). A mistrial is not *per se* an acquittal barring a second prosecution. *State v. Abdi,* supra at 22. This enumeration is also without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 5, 1983.

*Amy J. Griffith,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Assistant District Attorneys,* for appellee.