## 42889. McCULLOUGH v. THE STATE.
### (341 SE2d 706)

SMITH, Justice.

A Floyd County jury found the appellant, Michael McCullough, guilty of the murder of his wife, Laura McCullough. The appellant received a life sentence. He raises four issues on appeal. We reverse.[1]

In the weeks preceding the victim's death, the victim and the appellant had marital problems. She moved to her parents' home. The victim planned to divorce the appellant and arranged to meet him at his home to tell him the news. The appellant thought that the meeting would result in reconciliation.

The victim, fearing that the appellant would react violently, brought two friends to the meeting. Upon the appellant's request, the friends waited outside of the house so that the appellant and the victim could talk privately. After they had waited for approximately an hour, the appellant walked out of the house and told the two men that he had choked the victim to death.

The Floyd County Police found her body in the living room of the house. She had been stabbed before she had been strangled. The appellant subsequently told the police that he had strangled the victim in a fit of rage when he realized that she was leaving him for good.

1. We find the evidence sufficient to support the jury's verdict under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The state introduced into evidence a photograph of the victim's head after her scalp had been pulled back during an autopsy. The state also introduced into evidence another post-autopsy photograph of the victim's crushed larynx. The state's expert pathologist testified that the damage to the larynx, not the stab wounds, killed the victim. The appellant contends that the introduction of the post-autopsy photographs violated *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983), and that we must, accordingly, reverse.

(A) The post-autopsy photograph of the victim's crushed larynx violated *Brown*. *Brown* requires that the photograph be: 1) "necessary" to establish a material fact; 2) that could only become apparent because of the autopsy. The appellant told a friend of the victim and a police officer that he strangled the victim. The state's expert pathologist testified that the crushing of the victim's larynx killed

[1] The crime was committed on May 4, 1985. The Floyd County jury returned its verdict of guilty on August 14, 1985. A motion for new trial was filed on August 30, 1985 and the transcript of evidence filed on October 11, 1985. The motion for new trial was amended on October 23, 1985 and overruled on October 29, 1985. The notice of appeal was filed on October 29, 1985. The record was docketed in this Court on November 6, 1985 and argued January 22, 1986.

her. The photograph of the victim's crushed larynx, thus, was not "necessary" to show that the victim had been strangled to death. In addition, the fact that she died of strangulation could be established by means other than the autopsy, namely by the appellant's confession. *Brown*, thus, clearly required the exclusion of the post-autopsy photograph of the crushed larynx.

(B) The state introduced the post-autopsy photograph of the victim's scalp. The state alleged that the jury could not otherwise tell the depth of the stab wounds. The state, however, has established no connection between the *depth* of the stab wounds and any issue in this case.[2] The state may not circumvent *Brown* simply by claiming that a post-autopsy photograph will show the jury something that it could not otherwise see. If that were true, then the state could always introduce a photograph of the victim's body cavity to show organs that the jury otherwise could not see. The state must draw a connection between the fact that the jury will discover by viewing the autopsy photograph and some material issue at trial.

Here, the state has drawn no connection between the fact shown by the autopsy photograph and any issue raised at this trial. No necessity to introduce the autopsy photograph to establish a material fact having been shown, the admission of the autopsy photograph violated *Brown*, and we must reverse. Any other holding would result in the practical emasculation of *Brown*.

3. The trial court otherwise ruled correctly as to the issues raised by the appellant.

*Judgment reversed. Clarke, P. J., Smith, Gregory, Weltner, and Bell, JJ., concur. Marshall, C. J., dissents.*

DECIDED APRIL 9, 1986.

*Charles G. Price,* for appellant.

*Stephen F. Lanier, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.

---

[2] Any connection between the stab wounds, themselves and an issue in the case, such as malice, could easily be shown by the introduction of pre-autopsy photographs of the stab wounds themselves, and the bent blade of the knife.