A03A0613. BAILEY v. THE STATE.
(582 SE2d 487)

ELLINGTON, Judge.

Sherry Bailey was indicted for the murder of her husband, Gary Harbuck. Her first trial resulted in a mistrial, and she was retried and convicted of voluntary manslaughter. Bailey appeals, and, finding no error, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict. *Paul v. State*, 257 Ga. App. 86 (570 SE2d 399) (2002). So viewed, the evidence shows that Bailey killed Harbuck on Tuesday morning, July 20, 1999. According to her testimony, Bailey decided to kill Harbuck with an ax the preceding Saturday, but she could not find the ax and so decided to use Harbuck's rifle to kill him. Around 3:00 a.m. on Tuesday morning, Bailey located the bullets to Harbuck's rifle in a box in the basement, loaded the rifle, and then went back to bed. When she woke up she

got the rifle from the gun cabinet and shot Harbuck in the back of the head while he was asleep. Bailey, who is a deaf mute and was eight months pregnant at the time of the shooting, presented a defense of justification. She testified that Harbuck had previously beaten her and threatened her unborn child; that on the night before she shot Harbuck he had raped and beaten her; and that she feared he would rape her again and kill her.

1. Bailey claims that the trial court erred by refusing her request to accept a ten-person verdict from the jury at her first trial. We disagree. The original jury was deadlocked at 10-2, and defense counsel asked the court to accept a ten-person verdict in lieu of declaring a mistrial. The prosecutor did not consent, and the trial court declared a mistrial. A defendant may waive a right to a unanimous verdict, but only if the prosecuting attorney agrees to the waiver and the trial court sanctions it. *Glass v. State*, 250 Ga. 736, 738 (1) (300 SE2d 812) (1983); *Blount v. State*, 169 Ga. App. 215, 216 (1) (312 SE2d 197) (1983). Because the State refused to consent, the trial court did not err in refusing to accept the verdict.

2. Bailey contends that the trial court erred in denying her special plea of former jeopardy before retrial. We disagree.

> Retrial of a criminal defendant after a mistrial caused by the inability of the jury to reach a verdict does not constitute double jeopardy where there is manifest necessity for declaring the mistrial. Where the jury is hopelessly deadlocked, this constitutes manifest necessity for declaring a mistrial. The determination as to whether the jury is in fact hopelessly deadlocked is a matter somewhat in the discretion of the trial court.

(Citations and punctuation omitted.) *Glass v. State*, 250 Ga. at 738 (2). After deliberations in Bailey's first trial, the jury foreperson told the trial court that there was no chance the jury could reach a unanimous verdict. From our review of the record, we cannot say that the trial court abused its discretion in declaring a mistrial in Bailey's first trial. Accordingly, the trial court did not err in denying Bailey's plea of former jeopardy. Id.

3. Bailey claims the trial court erred in denying her motion to recuse because a comment by the trial court showed unfair bias against her and brought the court's impartiality into question. "In order to be disqualifying the alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (Punctuation omitted.) *Birt v. State*, 256 Ga. 483, 485 (4) (350 SE2d 241) (1986). Canon 3 (E) (1) (a) of the Georgia Code of Judicial Con-

duct provides that "Judges shall disqualify themselves in proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer."

After Bailey's first trial ended in a mistrial, her counsel requested bond. In the course of explaining its ruling denying bond, the trial court said:

> If I listen to the defense version of the case I am given the description of a battered woman and I have seen the photographs and I have dealt with battered women as a prosecutor and as a judge. I routinely have battered women who are brought here by counsel for instanter relief and we have people that have been shot at, people who have black eyes, bloody noses, bruised up, teeth knocked out, teeth knocked loose. I am still waiting, other than from the psychiatrist, for some evidence of a battered woman in this case. She testified this was the wors[t] beating she ever received and you can get hurt worse than that picking blackberries.

Bailey maintains that her defense was post-traumatic stress syndrome (which she also refers to as "battered woman" syndrome) brought on by sexual and physical abuse, and that the trial court's remarks showed that he rejected her only defense and manifested his belief that the State should prevail in its case. We do not agree that these judicial statements required the trial judge to recuse himself. The trial court was required to explain its reasons for denying bond. *Lane v. State*, 247 Ga. 387, 389 (276 SE2d 644) (1981). The trial court explained that he was concerned Bailey had a mental condition that made her a danger to the community, and part of that consideration was based on a lack of serious, observable injury to Bailey that might explain her fatal attack on Harbuck. See *Ayala v. State*, 262 Ga. 704, 705 (1) (425 SE2d 282) (1993) (court may release a person on bail if it finds, among other things, the person poses no significant threat to the community). In context, the comments were part of the bond hearing and not a display of impermissible bias by the trial court against Bailey.

Bailey contends that the trial court was forbidden to intimate his opinion as to the guilt of the accused under OCGA § 17-8-57. But this statute is inapplicable because it applies to comments made in the presence of the jury, which is not the case here. Compare *Paul v. State*, 272 Ga. 845, 847 (1) (537 SE2d 58) (2000) (trial court took prosecutorial role in trial of case). Bailey also contends that the trial court should have recused himself because he could not fairly sentence her on retrial. Bailey shows that, after the jury in her second

trial acquitted her of murder and found her guilty of voluntary manslaughter, the trial court imposed the maximum sentence of 20 years to serve. OCGA § 16-5-2 (b). Given the facts of the case, we find no showing of improper bias in the length of Bailey's sentence. The trial court did not err in denying Bailey's motion to recuse.

4. Bailey maintains that the trial court erred in denying her motion for a directed verdict of not guilty because the Columbus Police Department permanently deprived her of the ability to present evidence favorable to her defense. Bailey was taken from her home directly to the police station. Although she told police she had recently been raped and beaten, Bailey was not taken to the hospital for a medical examination. She argues that the police prevented her from obtaining physical evidence to support her defense and so denied her due process.

A defendant is not entitled to have the police conduct an investigation on her behalf. *Stewart v. State*, 199 Ga. App. 157, 159 (2) (404 SE2d 461) (1991). On the other hand, to borrow from drug-related cases, a defendant may have a right to an independent laboratory test if she requests a test and the request is reasonable. *Partain v. State*, 238 Ga. 207 (232 SE2d 46) (1977). In this case, Bailey adduced no evidence that she asked for an examination. Bailey cites no authority for the proposition that she was denied due process because the police did not proactively seek out a rape examination on her behalf. Bailey does not show she is entitled to a directed verdict of not guilty because she was denied due process by the police.

5. Bailey contends that the trial court erred by allowing Harbuck's sister to identify her brother's body as depicted in a preautopsy photograph. Bailey argues that the identity of the body was not a contested issue and so Harbuck's sister's testimony was not relevant and should not have been allowed. We disagree. The identity of a deceased victim is a material issue that can be shown by a photograph. *Blankenship v. State*, 247 Ga. 590, 595-596 (8) (277 SE2d 505) (1981), overruled in part on other grounds, *Thompson v. State*, 263 Ga. 23 (426 SE2d 895) (1993). "Relevant evidence cannot be kept from the jury by an admission of the fact or waiver of the requirement of proof." (Citation and footnote omitted.) *Franklin v. State*, 245 Ga. 141, 150 (6) (263 SE2d 666) (1980). See also *Scott v. State*, 250 Ga. 195, 199 (2) (297 SE2d 18) (1982) (a photograph accurately depicting the location of the victim's wound is relevant and may be admitted even if the defendant stipulates the cause of death).

Bailey further argues that the identification testimony was inappropriate because it was given by a family member of the deceased. Our Supreme Court has ruled that it is the "better practice" to not permit a family member of the victim to identify the victim if nonrelated witnesses are able to do so. See *Ledford v. State*, 264 Ga. 60, 66

(14) (439 SE2d 917) (1994) (photograph of victim in life). Bailey does not show that nonrelated witnesses were available to identify Harbuck. Although the coroner identified the body in the photograph as that of Harbuck, there is no indication he had personal knowledge of the deceased. In addition, the sister's testimony was limited to identification and does not show any emotional response on her part in the prosecution's questioning. See *James v. State*, 270 Ga. 675, 677 (5) (513 SE2d 207) (1999) (identification of photograph of deceased in life by the deceased's fiancée "did not produce such an emotional display as might deprive [defendant] of a fair trial"). The trial court did not abuse its discretion by allowing Harbuck's sister to identify Harbuck.

6. Bailey contends that the trial court erred in admitting State's Exhibit 1, a pre-autopsy photograph, on grounds that it was not relevant or, if relevant, unfairly inflammatory and prejudicial. "The trial court enjoys broad discretion in balancing the probative and prejudicial nature of crime scene photographs." *Dean v. State*, 273 Ga. 806, 807 (2) (546 SE2d 499) (2001). State's Exhibit 1 shows the pre-autopsy state of Harbuck's body, demonstrating the massive injury to the head. Referring to *McCullough v. State*, 255 Ga. 672, 673 (2) (A) (341 SE2d 706) (1986), Bailey maintains that the State failed to draw a connection between a fact the jury will discover by reviewing the autopsy photographs and a material issue at trial. But *McCullough v. State* addresses post-autopsy photographs of a body that has been altered by the pathologist. Id. A pre-autopsy photograph showing the injuries suffered by the deceased, unaltered by authorities, is relevant and material and is admissible. *Williams v. State*, 266 Ga. 882, 883 (2) (471 SE2d 888) (1996). Furthermore, the prejudicial nature of the photograph was the result of Bailey's actions. *Bullard v. State*, 263 Ga. 682, 686 (5) (436 SE2d 647) (1993) (not error to admit gruesome photograph or videotape where its unpleasant nature arose from acts of defendant). The trial court did not abuse its discretion by allowing the photograph into evidence.

7. Bailey argues that the trial court erred by allowing a police videotape of the deceased's body, as it was discovered by police, to be shown to the jury. She contends the videotape is inflammatory and cumulative of three photographs of the body which had been previously admitted. The State offered the videotape as the best evidence of the crime scene. A videotape of a body at the crime scene is relevant. *Bullard v. State*, 263 Ga. at 686 (5). We cannot say that the trial court abused its discretion in allowing it into evidence.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED APRIL 30, 2003 —
RECONSIDERATION DENIED MAY 16, 2003 —

*Frank K. Martin*, for appellant.
*J. Gray Conger, District Attorney, Jarrell H. Palmer, Assistant District Attorney*, for appellee.