## A05A1738. LEONARD v. THE STATE.
(621 SE2d 599)

BLACKBURN, Presiding Judge.

Charlie Leonard appeals from the denial of his motion to bar retrial on double jeopardy grounds, contending that the trial court, sua sponte, had in an earlier trial improperly declared a mistrial during jury deliberations. Finding no error, we affirm.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral

and written rulings as a whole, the trial court's findings support its conclusion." (Punctuation omitted.) *Wilson v. State.*[1]

The record shows that Leonard was tried before a jury on charges of trafficking in cocaine and possession of cocaine with intent to distribute. During jury deliberations, it became apparent that they were having trouble. Beyond the submission of several questions about the evidence and other matters, the jurors during the first afternoon sent out a note stating: "The jury is in disagreement. Two jurors are very firm in their opinion." After this note, the trial court ordered the jury to take a break, and Leonard moved for a mistrial, which the trial court denied. The jury then continued deliberating that day. When the bailiff reported that deliberations were becoming heated late in the day, the court sent the jury home for the evening.

After extensive deliberations the next day, the jury sent out another note stating:

> We are completely deadlocked; ten guilty, two not guilty. And they are very firm in their position.
>
> One of the two jurors was on a jury last year where they found the person guilty and then a year later it was proved he was innocent and she is using this personal guilt to prevent her from considering the evidence.

Following receipt of that second note, the court, sua sponte, declared a mistrial, finding that no real chance existed of the jury reaching a verdict. The court asked if Leonard had any objections, and his counsel responded in the negative.

When the State brought the case to trial a second time, Leonard filed a plea in bar, contending that no manifest necessity had existed to support the declaration of mistrial of the first trial, and that a second trial would constitute double jeopardy. The trial court denied the motion, finding that the jury deadlock constituted sufficient manifest necessity for the declaration of mistrial. This appeal followed.

> Retrial of a criminal defendant after a mistrial caused by the inability of the jury to reach a verdict does not constitute double jeopardy where there is manifest necessity for declaring the mistrial. Where the jury is hopelessly deadlocked, this constitutes manifest necessity for declaring a mistrial. The determination as to whether the jury is in fact

---

[1] *Wilson v. State,* 229 Ga. App. 455 (494 SE2d 267) (1997).

hopelessly deadlocked is a matter somewhat in the discretion of the trial court.

*Bailey v. State.*[2]
The record supports the trial court's finding that the jury was hopelessly deadlocked. By the time the court declared a mistrial, it had received two notes indicating that the jury was deadlocked. The jury appeared so deadlocked after the first note that Leonard asked for a mistrial. The trial judge waited until after two notes, giving the jury even more time than Leonard thought appropriate.

Leonard now argues that the trial judge should have explored more options before declaring a mistrial. While more options are available to a trial court, we do not require the trial court to exercise those options under all circumstances. See *Thornton v. State.*[3] See also *Mayfield v. State*[4] (discussing removal of a recalcitrant juror rather than the declaration of a mistrial). Instead, we consider the trial court's decision in this regard to be discretionary and will reverse only if the court abuses that discretion. *Griffin v. State.*[5]

Because evidence supported its determination that the jury was hopelessly deadlocked, the trial court did not abuse its discretion in declaring a mistrial in Leonard's first trial. *Bailey,* supra at 292 (2). Since the mistrial was not error, the record supports the trial court's denial of Leonard's plea in bar. *Wilson,* supra at 456.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED SEPTEMBER 28, 2005.

*John W. Kraus,* for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Peggy R. Katz, Assistant District Attorneys,* for appellee.

---

[2] *Bailey v. State,* 261 Ga. App. 291, 292 (2) (582 SE2d 487) (2003).
[3] *Thornton v. State,* 145 Ga. App. 793, 795 (245 SE2d 22) (1978).
[4] *Mayfield v. State,* 276 Ga. 324, 329-330 (2) (a) (578 SE2d 438) (2003).
[5] *Griffin v. State,* 264 Ga. 232, 233 (443 SE2d 612) (1994).