A09A1864. FREEMAN v. THE STATE.
(683 SE2d 124)

BLACKBURN, Presiding Judge.

Michael Freeman appeals the denial of his plea in bar of former jeopardy. He argues that the trial court erred in finding that manifest necessity required the declaration of a mistrial, after the court determined that an evidentiary issue needed to be addressed before the case could be tried. We agree that it was unnecessary to declare

---

a mistrial in this matter, and thus we reverse the trial court's denial of Freeman's plea in bar of former jeopardy.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Punctuation omitted.) *Leonard v. State*.[1] In this matter, the record shows that on April 19, 2005, Freeman was arrested and charged with one count of driving under the influence of alcohol to the extent that it was less safe for him to drive (DUI less safe),[2] after he was stopped at a police roadblock, failed several field sobriety tests, and refused to submit to the state-administered chemical breath test. In August 2007, he was tried on the charge, but the trial court declared a mistrial after the jury was unable to reach a unanimous verdict.

Freeman's retrial on the DUI less safe charge began on September 22, 2008. At some point during jury selection, the trial court convened a bench conference sua sponte and informed the parties that it was not going to allow the arresting officer to testify regarding the alleged correlation between the number of clues that a DUI suspect exhibits during a horizontal gaze nystagmus (HGN) test and the suspect's blood-alcohol content. Shortly thereafter, jury selection was completed and the jury was sworn. In another bench conference immediately following jury selection, the State's prosecutor argued that the court's decision to exclude testimony regarding a correlation between HGN test results and blood-alcohol content was contrary to case precedent, and that the court should grant a continuance so that the prosecutor could research the issue. Over Freeman's objection, the court agreed and granted a continuance for two days.

When the trial re-convened, the prosecutor moved to suspend the trial so that the court could hold a hearing to determine if evidence of a correlation between HGN test results and blood-alcohol content had reached the state of "verifiable certainty" and thus was admissible under *Harper v. State*.[3] Freeman objected to any further delay and also objected when the prosecutor suggested that the court had the authority to declare a mistrial based on manifest necessity. Despite Freeman's objection, after determining that it had surprised the State with its sua sponte exclusion of the HGN-result/blood-alcohol correlation evidence, the trial court declared a mistrial on the ground of manifest necessity. The next day, Freeman filed a plea in bar of former jeopardy, which the trial court denied a few months

---

[1] *Leonard v. State*, 275 Ga. App. 667, 667-668 (621 SE2d 599) (2005).

[2] OCGA § 40-6-391 (a) (1).

[3] *Harper v. State*, 249 Ga. 519, 526 (1) (292 SE2d 389) (1982).

later after a hearing. This appeal followed.

In his sole enumeration of error, Freeman contends that the trial court has placed him in double jeopardy by erroneously finding that manifest necessity required the declaration of a mistrial in his case. We agree.

The Georgia Constitution provides that "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of a mistrial." Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII; see also U. S. Const., Amendment V. "Once a jury is impaneled and sworn, jeopardy attaches and an accused is entitled to have the trial proceed to an acquittal or conviction by that jury." *Laster v. State.*[4] When "there is no prosecutorial misconduct, the trial court has broad discretion in deciding whether to grant a mistrial." (Punctuation omitted.) *Tubbs v. State.*[5] However, the trial court may interrupt the proceedings and declare a mistrial over the defendant's objections only if there is a demonstration of manifest necessity for the mistrial. *Laster*, supra, 268 Ga. at 173 (1). "And manifest necessity requires urgent circumstances." (Punctuation omitted.) *McGee v. State.*[6] As this Court has previously held,

> [w]hen determining whether such urgency is present, a trial court must scrupulously exercise its discretion in weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into consideration all the surrounding circumstances. It should give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, *with a keen eye toward other, less drastic, alternatives*, calling for a recess if necessary and feasible to guard against hasty mistakes.

(Punctuation omitted; emphasis in original.) Id.

Here, there is no dispute that the jury was impaneled and sworn, so jeopardy had attached. See *Laster*, supra, 268 Ga. at 173 (1). Furthermore, the evidence shows that the trial court did not consider any less drastic alternatives to declaring a mistrial for what, essentially, was the State's objection to one of the court's evidentiary rulings. In fact, the court did not discuss any other possible alternatives to mistrial after the prosecutor noted that the next motions

---

[4] *Laster v. State*, 268 Ga. 172, 173 (1) (486 SE2d 153) (1997).

[5] *Tubbs v. State*, 276 Ga. 751, 755 (3) (583 SE2d 853) (2003).

[6] *McGee v. State*, 287 Ga. App. 839, 841 (1) (652 SE2d 822) (2007).

calendar was not scheduled to be held for another two weeks and was already rather full. Yet the trial court could have immediately held a hearing on the issue, just as many motion to suppress and motion in limine hearings are held at the beginning of a trial.

Moreover, the facts in this matter do not suggest that urgent circumstances existed that required a mistrial. The State contends that a mistrial was necessary so that it could argue for the admissibility of its evidence of the correlation between the HGN test results and blood-alcohol content. However, a prosecutor cannot seek a mistrial in order to "buttress weaknesses in the [S]tate's evidence." *Laster*, supra, 268 Ga. at 173 (1). See *Arizona v. Washington*[7] (strict scrutiny of a trial court's declaration of a mistrial is appropriate when the basis for the mistrial is so that the prosecutor can seek to achieve a tactical advantage over the accused). Regardless, the State's contention that urgent circumstances existed here has little merit in light of the fact that evidence of a defendant's blood-alcohol content is not required in order for the State to prove that a defendant is guilty of DUI less safe beyond a reasonable doubt. See *Gregoire v. State*;[8] *Lewis v. State*.[9] In addition, "[a] police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether [the suspect] was under the influence to the extent it made him less safe to drive." *Lewis*, supra, 214 Ga. App. at 832 (1). As is the case here, "where the record is devoid of evidence establishing urgent circumstances, the court abused its discretion in declaring a mistrial without first considering alternatives that would have preserved [Freeman's] valuable right to be tried by the originally impaneled jury." *McGee*, supra, 287 Ga. App. at 841-842 (1). See *Jefferson v. State*.[10] Accordingly, the trial court erred in denying Freeman's plea in bar of former jeopardy.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED AUGUST 5, 2009.

*Wesley M. Woolverton, Amy Salley*, for appellant.
*Brian K. Fortner, Solicitor-General, Evelyn Proctor, Assistant Solicitor-General*, for appellee.

---

[7] *Arizona v. Washington*, 434 U. S. 497, 508 (II) (98 SC 824, 54 LE2d 717) (1978).
[8] *Gregoire v. State*, 285 Ga. App. 111, 113-114 (2) (645 SE2d 611) (2007).
[9] *Lewis v. State*, 214 Ga. App. 830, 832 (1) (449 SE2d 535) (1994).
[10] *Jefferson v. State*, 224 Ga. App. 8, 10 (479 SE2d 406) (1996).