## 43190. SHORT v. THE STATE.
(345 SE2d 594)

SMITH, Justice.

The appellant, Hazel Louise Short, was indicted in Gwinnett County for the murder of Catherine Tucker Whitehead. The State sought the death penalty. The jury found the appellant guilty of the murder, but they refused to impose the death penalty and she was sentenced to life imprisonment. She enumerates two errors in this appeal. We affirm.[1]

The appellant was arrested on March 20, 1984, for the kidnapping with bodily injury and murder of Ms. Catherine Whitehead. Ms. Whitehead disappeared from her home on April 14, 1983, under mysterious circumstances. Although the appellant was the primary suspect and she was questioned at the time of the disappearance, no arrests were made. Almost a year later, Donald Glen Everett admitted his involvement in the kidnapping and murder of Ms. Whitehead and the disposal of her body. His confession implicated the appellant; her daughter, Tina Short; and the appellant's nephew, Nickie Lynn Ford. Ford and Tina Short were apprehended later and confessed their involvement and implicated the others. Everett took the officials to a well in Gwinnett County where the remains of Ms. Whitehead were

---

[1] The crime was committed on Saturday, April 16, 1983. The Rockdale County Jury returned its verdict of guilty of murder on May 17, 1985. A motion for new trial was filed May 20, 1985 and the transcript of evidence was filed June 26, 1985. The motion for new trial was heard and denied on December 19, 1985. Notice of appeal was filed January 3, 1986. The record was docketed in this Court on February 11, 1986 and argued April 21, 1986.

recovered. The cause of death was determined to be homicide.

After being advised of her constitutional rights, the appellant gave a detailed tape-recorded confession in Houston, Texas, where she was apprehended. Her confession was similar to the confessions given by the others regarding the kidnapping, murder, and disposal of Ms. Whitehead's body in an abandoned well. The appellant was returned to Gwinnett County where, after again being advised of her constitutional rights, she gave a written confession to the police that was internally consistent with the confession she had given in Houston.

The appellant was tried for murder in Gwinnett County and for kidnapping with bodily injury in Rockdale County. See *Short v. State*, 256 Ga. 165 (345 SE2d 340) (1986).

The appellant testified at the trial. She contended that she had seen Ms. Whitehead the night Ms. Whitehead disappeared but that she returned Ms. Whitehead to her home unharmed early the next morning. She denied any involvement in the kidnapping or murder of Ms. Whitehead. She admitted that she confessed to the police in Houston and again in Gwinnett County but that she confessed to protect her daughter after the police told her that her daughter had given them a full account of the kidnapping and murder.

Donald Glen Everett testified that his involvement in the crime was limited to luring Ms. Whitehead out of her apartment to the telephone booth where the appellant forced Ms. Whitehead at knifepoint into a car, and later helping the appellant throw the blanket-covered body in an abandoned well.

1. The evidence presented at trial was sufficient to support the conviction of murder under the standards established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in excusing for cause the potential jurors who were conscientiously opposed to the imposition of the death penalty.

In *Ford v. State*, 255 Ga. 81, 87 (335 SE2d 567) (1985) we reaffirmed our position that the practice of death-qualification of jurors is not unconstitutional. The United States Supreme Court recently supported *Ford*, supra, by holding that "the Constitution does not prohibit the States from 'death qualifying' juries in capital cases." *Lockhart v. McCree*, __ U. S. __ (106 SC 1758, __ LE2d __) (1986). We find no error.

3. The appellant asserts that the trial court erred in denying her motion to suppress the admission of certain in-custody statements she made after she had requested legal counsel.

The trial court found that the appellant's rights had not been violated. A review of the record indicates that there was no error. See *Short v. State*, supra at 167.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1986.

*Clark, McLaughlin & Duttweiler, Michael C. Clark,* for appellant.

*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

