## 41270. HARRELL v. THE STATE.
### (321 SE2d 739)

SMITH, Justice.

Appellant, Jennifer Harrell, and co-defendant, William R. Gardiner, were tried for the murder and armed robbery of Michael Patterson.[1] The jury found them guilty of murder and not guilty of armed robbery. They were sentenced to life imprisonment. We affirmed Gardiner's conviction in *Gardiner v. State*, 252 Ga. 422 (314 SE2d 202) (1984) and the facts of the case may be found there. Appellant enumerates five errors based on insufficiency of evidence, failure to sever her trial, misleading charges, improper prosecutorial remarks, denial of unstipulated polygraph results into evidence, and denial of a new trial. Finding no error, we affirm.

1. The first enumeration of error dealt with the sufficiency of the evidence to convict the appellant of murder. When first questioned, appellant denied any connection with the death of Patterson.

Although appellant did not fire the shots that killed Patterson, the evidence presented by the state showed that appellant was a party to the crime. See OCGA § 16-2-20. On the evening of the murder, a hotel maid overheard appellant telling someone on the phone that something would appear in the paper the next day about Patterson. Appellant called Patterson and made the arrangements for him to meet appellant and Gardiner. The three left together in appellant's car, and appellant was present when Gardiner shot Patterson. She also helped Gardiner move Patterson's body out of the road and search his pockets. A short time after the shooting, appellant told her sister that she and Gardiner had killed a man. She later said that she would get $1,500 for her part in the deal. Gardiner gave appellant $100 and she bought two new front tires for her car; she hid the old tires that linked her car to the scene of the crime. Appellant testified

---

[1] The crime was committed on November 7, 1982. The Banks County jury returned its verdict of guilty on April 21, 1983. A motion for new trial was filed, heard and overruled on March 15, 1984. Notice of appeal was filed on April 9, 1984. The transcript of evidence was filed on June 8, 1984. The record was docketed in this court on June 20, 1984, and was argued on September 12, 1984.

that she and Gardiner discussed getting married in the hope that she would not have to testify against him.

A person who does not directly commit a crime may be tried, convicted and punished once there is proof that a crime has been committed and that the person was a party to the crime. OCGA § 16-2-21. The state showed that a crime was committed and that appellant was a party to the crime. Based on the evidence presented, we find that any rational trier of fact could have found appellant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in refusing to sever her trial from the trial of her co-defendant, Gardiner.

It is within the discretion of the trial court to try defendants jointly or separately when two or more defendants are indicted for a capital felony in which the state does not seek the death penalty. OCGA § 17-8-4. Absent an abuse of discretion, denial of a motion to sever is not grounds for reversal. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). The trial court in exercising its discretion is to consider three elements: Whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against the other, despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses. *Cain*, supra. Appellant contends that she suffered guilt by association, citing *Crawford v. State*, 148 Ga. App. 523 (251 SE2d 602) (1978). The appellant in *Crawford*, supra, had only a passive involvement. Here, there was ample evidence to show that appellant was a party to the crime. Appellant failed to show any prejudice that would have been avoided by a separate trial, therefore, the trial court did not abuse its discretion in denying severance.

3. Appellant contends that the trial court erred in giving the following charge on parties to a crime: "So if defendant Gardiner was justified in what he did, then you'll find him guilty of nothing. Consequently, you can find defendant Harrell not guilty. If you find defendant Gardiner guilty of either crime under Count I or Count II, you may then go to defendant Harrell and consider her guilt or innocence. Her guilt is dependent on the guilt of defendant Gardiner, but her innocence can be found even though you find Gardiner guilty." The jury was charged not to consider Harrell's guilt or innocence until they found Gardiner guilty. The charge, if anything, was beneficial to appellant, and we find no error.

Appellant contends that the charge regarding presence at the scene of a crime was also in error. The charge was a correct statement

of law.[2] Mere presence at the scene of a crime is insufficient to show that the person present was a party to the crime. *Brown v. State*, 250 Ga. 862, 864 (302 SE2d 347) (1983). This enumeration does not show reversible error.

4. Appellant contends that the trial court erred in refusing to grant a mistrial on the basis of alleged improper and prejudicial remarks made by the district attorney during closing argument.

The refusal to grant a mistrial based on alleged improper remarks of the prosecutor is within the discretion of the trial court, OCGA § 17-8-75, and we will not interfere with the decision on appeal unless there is manifest abuse. *Welch v. State*, 251 Ga. 197, 200 (304 SE2d 391) (1983). There were only two timely objections made during the argument and proper instructions were given to the jury after the objections were made. We find no abuse of discretion.

5. Appellant contends it was error for the trial court to refuse to allow her to introduce the results of her unstipulated polygraph examination.

Appellant argues that the purpose of introducing the results of the polygraph was to impeach the testimony of a GBI agent. There was no express stipulation, therefore, the results were inadmissible. See *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977).

6. The enumeration dealing with the denial of appellant's motion for a new trial was abandoned.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 31, 1984.

*David C. Jones, Jr.,* for appellant.
*Timothy G. Madison, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.

---

[2] "Now, ladies and gentlemen, I charge you that mere presence of a defendant at the scene of the crime, if any, at the time of its perpetration would not be sufficient to convict the defendant of any crime. If you find that a defendant — one of these defendants — if that defendant's only participation or only connection with the crime, if there was a crime — if you find that a defendant's connection with that crime was merely being present at the time and place of the commission of the crime, if that's the only evidence against that defendant, then you could not convict that defendant of that crime."