## 43134. SHORT v. THE STATE.
### (345 SE2d 340)

SMITH, Justice.

The appellant, Hazel Louise Short, was indicted in Rockdale County along with her daughter, Tina Louise Short; her nephew, Nickie Lynn Ford; and Tina's boyfriend, Donald Glen Everett, for the kidnapping with bodily injury of Catherine Tucker Whitehead.

The State notified the appellant that it would seek the death penalty. The appellant filed a plea in bar asserting that the State had unsuccessfully sought the death penalty against her in a previous trial in Gwinnett County for the murder of Ms. Whitehead, and that the murder of the victim formed the basis for the assertion of bodily injury. The trial court, partially granting the appellant's plea in bar, ruled that the State could not seek the death penalty in the kidnapping with bodily injury case.

The jury found the appellant guilty of kidnapping with bodily injury, and she was sentenced to life imprisonment to be served consecutively to the life sentence she received in the Gwinnett murder trial. Tina Short was found guilty of kidnapping and was sentenced to twenty years imprisonment. Nickie Ford was acquitted by the jury, and Donald Glen Everett pleaded guilty and received a life sentence. We affirm.[1]

On the night of Thursday, April 14, 1983, Donald Glen Everett knocked at the door of Catherine Louise Tucker Whitehead's apartment in Rockdale County and told her that she had an emergency phone call at a nearby pay telephone from her fiance, John Short. Ms. Whitehead and Short had been dating for some time and were planning to be married in June of that year.

The next morning Ms. Whitehead's mother discovered Ms. Whitehead's car next to the pay telephone. The receiver was off the hook and dangling by its cord. The car's door was open and the keys were missing. Both the GBI and FBI became involved as kidnapping was suspected.

The appellant became the primary suspect. The investigation indicated that the appellant had a grudge against the 21-year-old Ms.

---

[1] The crime was committed on Thursday, April 14, 1983. The Rockdale County Jury returned its verdict of guilty of kidnapping with bodily injury on August 17, 1985. A motion for new trial was filed September 11, 1985 and the transcript of evidence was filed in October 1985. Notice of appeal was filed December 23, 1985. The record was docketed in this Court on June 2, 1986 and argued April 21, 1986.

Whitehead because the younger woman's fiance, John Short, was the appellant's former husband of approximately 21 years. The investigation also indicated that the appellant and Ms. Whitehead had been involved in a fight. Police suspicions heightened when during an interview the appellant contended that she did not know Ms. Whitehead. Despite the efforts of the authorities, Ms. Whitehead was not located and no charges were brought.

Almost one year later, Donald Glen Everett was arrested based on statements he had made to others regarding Ms. Whitehead. On March 15, 1984, he admitted his involvement in the kidnapping and murder of Ms. Whitehead, and took the authorities to an abandoned well in Gwinnett County where he stated that he had thrown the lifeless body of Ms. Whitehead.

The remains of a partially, though severely, burned and badly decomposed body were removed from the well. Some clothing and a blue blanket were also removed. The remains and the clothing removed from the well were determined to be those of Ms. Whitehead. The precise cause of death could not be determined due to the decomposition of the remains, but it was determined that the death was a homicide.

Everett's confession implicated the appellant, Tina Short, and Nickie Ford. Ford was apprehended and confessed his involvement in the crimes. Tina Short was apprehended in Nashville, Tennessee, and also confessed her involvement in the crimes. All of the confessions were basically similar. All parties confessed that they were involved in a plan to abduct Ms. Whitehead, and that the plan was carried out. Tina Short and Everett also confessed to differing degrees of complicity in the murder and concealment of the crime.

On March 20, 1984, the appellant was apprehended in Houston, Texas. While in Houston she was interviewed several times. At first she denied any involvement in the crimes. In her second interview she indicated that she wanted an attorney and all questioning was stopped. Later she indicated that she wished to give a full account of her involvement and that she did not want an attorney.

She gave a complete and detailed confession, including details of how Ms. Whitehead was: driven around in a car in which Tina Short was the driver and Ford was a passenger; removed from the car and stabbed in the arm, and then locked in the trunk of the car; later locked in the trunk of an abandoned car in Gwinnett County; burned in a fire; given a blanket to keep her warm; strangled to death with a wire as she lay in the trunk of a car suffering from the burns; and then thrown in an abandoned well after she was murdered.

Testimony at the trial showed that burned materials, bloodstains, and hairs were found in the abandoned car in Gwinnett County. Some of the burned fabric was consistent with fabric from a jacket that was

removed from the well at the same time the remains, a blue blanket, and clothing belonging to Ms. Whitehead were removed.

Everett testified at trial that his involvement was limited to helping lure the victim out of her home and later disposing of her body. He testified that the body was wrapped in a blanket, and that he could see that a large part of its hair had been burned off its head.

Ford testified at trial. Neither the appellant nor Tina Short testified at trial, but their confessions were read to the jury.

The appellant enumerates five errors on appeal.

1. The evidence was sufficient to sustain the conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in denying her plea in bar as she asserts that it placed her in jeopardy more than once for the same offense.

Similar arguments were rejected in *Potts v. State*, 241 Ga. 67, 79-80 (243 SE2d 510) (1978) and *Stephens v. Hopper*, 241 Ga. 596, 598 (247 SE2d 92) (cert. den., 439 U. S. 991 (99 SC 593, 58 LE2d 667) (1978)). Our position was later reaffirmed in *Brown v. State*, 247 Ga. 298, 302 (275 SE2d 52) (cert. den., 454 U. S. 882, (102 SC 366, 70 LE2d 192) (1981)). *Brown*, supra, was later reversed on other grounds in *Wilson v. Zant*, 249 Ga. 373, 380 (290 SE2d 442) (1982).

3. The appellant contends that the trial court erred in denying her motion to suppress certain statements she made to officials while she was in custody.

The appellant gave several statements after her arrest in Houston, Texas. Prior to each she was advised of her rights, given *Miranda* warnings, and signed waiver of rights forms. She did not ask for an attorney prior to any of the statements. However, during her second interview she said, "[o]n the paper you said I had the right to, wait 'till I get in front of my lawyer[.]" The questioning stopped immediately and the tape recorder was turned off.

What transpired between the appellant, Officer Vaughn, and the other officers present as to who initiated further communication, during the approximately thirty minutes that the tape recorder was turned off, was heard by the trial court at the *Jackson-Denno* hearing and again at the time of the trial. The trial court found that there had been no violation of the appellant's rights. Trial court's conclusions "based as they are upon the trial court's first hand observation of the witnesses to the events involved[,]" *Oregon v. Bradshaw*, 462 U. S. 1039, 1045-1046 (103 SC 2830, 77 LE2d 405) (1983) are given deference in our review.

The standard on appeal is that the trial court's findings as to factual determinations and credibility relating to the admissibility of statements will be upheld on appeal unless they are clearly erroneous.

*White v. State*, 255 Ga. 210, 212 (336 SE2d 777) (1985).

We find that the transcript of the tape-recorded session indicates: First, the appellant did invoke her right to counsel, the tape recorder was turned off, and all questioning was immediately stopped; Second, the appellant indicated that she wanted to tell the story, that no threats or promises were made, and that the officials refused to answer her questions after she requested an attorney. We find that her continuing questions, after her request for an attorney "evinced a willingness and a desire for a generalized discussion about the investigation . . ." *Oregon v. Bradshaw*, 462 U. S. 1039, 1045-1046 (103 SC 2830, 77 LE2d 405) (1983). The appellant was fully advised of her rights, she read her rights after they were read to her, and she waived her right to counsel. We find this to be a knowing and intelligent waiver of the right she invoked. We find no error.

4. The appellant contends that the trial court erred in denying her motion to sever her trial from that of her daughter and her nephew.

The appellant had the burden of making a clear showing of prejudice and a consequent denial of due process in her motion for severance. The grant or denial of a motion to sever is within the discretion of the trial court, and absent an abuse of discretion, denial of a motion to sever is not grounds for reversal. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975); *Harrell v. State*, 253 Ga. 474, 475 (321 SE2d 739) (1984). We find no abuse of discretion and thus, no error.

5. The appellant asserts that the trial court's denial of her motion in limine to exclude the in-custody statements of Tina Short violated her Sixth and Fourteenth Amendment rights to confront and cross-examine the witness. She also contends that the denial of her motion violated the rule that the confession of one joint offender or conspirator made after the enterprise ended shall be admissible only against the confessor. OCGA § 24-3-52.

Tina chose not to testify during the trial, but her confession was read to the jury. This violated *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), which holds that the admission of a confession of a co-defendant who does not testify at a joint trial deprives the defendant of his Sixth Amendment right of confrontation if the co-defendant's confession implicates the defendant. In *Schneble v. Florida*, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972), the Court held, "Any violation of *Bruton* that might have occurred was harmless beyond a reasonable doubt in view of the overwhelming evidence of petitioner's guilt as manifested by his confession, which completely comported with the objective evidence, and the comparatively insignificant effect of the codefendant's admission." Id. at p. 427. In this case the appellant's confession completely comported

with the objective evidence, was overwhelming evidence of her guilt, and was sufficient to authorize her conviction without the introduction of Tina's confession. Any *Bruton* error was harmless in this case. *Bell v. State*, 239 Ga. 146 (236 SE2d 47) (1977). " 'The "minds of an average jury" would not have found the state's case significantly less persuasive had the testimony as to [Tina's confession] been excluded.' *Schneble v. Florida*, supra, p. 432." *Baker v. State*, 238 Ga. 389, 392 (233 SE2d 347) (cert. den., 431 U. S. 970) (1977).

The protection provided by *Bruton* and OCGA § 24-3-52 was designed primarily to act as a shield when a defendant has maintained her innocence, her co-defendant's confession is introduced at trial and it implicates her, and the co-defendant does not testify. It was not designed to act as a sword to excise the co-defendant's confession where the defendant herself provides a detailed confession which is overwhelming evidence of her guilt and that is corroborated by other objective evidence. We find no reversible error.

6. The appellant contends that the trial court erred in its jury charge because it failed to instruct the jury on an essential element of the offense of kidnapping with bodily injury in that there was no reference to the importance of finding a bodily injury.

As part of the charge to the jury, the trial judge read the indictment which included the following: "[T]he Grand Jury . . . charge and accuse Hazel Louise Short, Tina Louise Short, and Nickie Lynn Ford with the offense of kidnapping with bodily injury to the person kidnapped, for the said accused . . . unlawfully and with force and arms did commit the crime of kidnapping in that they did abduct and steal away Catherine Louise Whitehead without lawful authority or warrant, and said accused persons did hold said person, Catherine Louise Whitehead against her will, and said victim received bodily injury, to-wit: Catherine Louise Whitehead was stabbed with a knife and choked with a wire while being held against her will, contrary to the laws of said state, . . ." The trial judge thereafter charged the jury on the offense of kidnapping[2] pursuant to OCGA § 16-5-40 (a) as follows: "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and hold such person against his will." The verdict form was as follows: "AS TO EACH DEFENDANT; 1. We, the jury, find the Defendant [name of defendant], guilty of the offense of (1) kidnapping (2) kidnapping with bodily injury. (2) We, the Jury, find the Defendant

---

[2] The Suggested Pattern Jury Instructions indicate that the charge for kidnapping is OCGA § 16-5-40. We would like to call attention to the fact that OCGA § 16-5-40 is in two parts, (a) and (b). Subsection (a) defines kidnapping and subsection (b) defines the punishment for kidnapping. The only place kidnapping with bodily injury is mentioned is in subsection (b).

[name of defendant] not guilty." The jury returned a verdict finding the appellant guilty of kidnapping with bodily injury, Tina Short guilty of kidnapping, and Nickie Ford not guilty.

The instructions to the jury regarding bodily injury could have been more complete, but the charge taken as a whole, was sufficient. It was obviously understood by the jury as evidenced by their verdict. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1986.

*Clark, McLaughlin & Duttweiler, Michael C. Clark*, for appellant.

*Robert F. Mumford, District Attorney*, for appellee.

