45919. JOHNSON v. THE STATE.
45920. MOORE v. THE STATE.
(371 SE2d 651)

SMITH, Justice.

The appellants, Mattie Jean Johnson and Ricky W. Moore, were tried together and convicted of murder and possession of a knife during the commission of a crime. Both appellants were sentenced to life imprisonment and a consecutive five-year term for possession. We affirm.[1]

*Statement of Facts*

After meeting in a bar, Ricky Moore and Mattie Johnson left and walked to Henry Bolden's house. The evidence shows that the three became involved in a struggle in which Bolden, the victim, received seven fatal stab wounds to the neck and chest. Johnson was stabbed in the chest and Moore was cut on the arm.

A neighbor, Steven Johnson, discovered Moore standing on his front porch. Moore threatened to stab him. After Moore left, Steven Johnson saw Mattie Johnson come from the victim's house carrying a butcher knife. Johnson told the neighbor's friend, Debbie Smith, that Moore had stabbed her. Smith took Johnson to a convenience store and from there she made her way to the hospital. The butcher knife was never found.

At the hospital Johnson told the police she was stabbed by someone in a bar. Several hours later the police arrested Moore at the hos-

---

[1] The crime was committed on December 31, 1987. The Colquitt County jury returned its verdicts of guilty on May 10, 1988. Johnson's notice of appeal was filed on June 7, 1988. Moore's notice of appeal was filed on June 9, 1988. The transcripts of evidence were filed on June 16, 1988. The records were docketed in this court on June 23, 1988. The cases were submitted on August 5, 1988.

pital and found a bloodstained pocketknife in his possession. The blood on the pocketknife was type O which was the blood type of both the victim and Johnson.

The victim was an elderly man who lived alone and drank frequently. The police did not learn of his death until the next day. His body was discovered in his ransacked home, and Moore's wallet was found near the victim's body. A social worker caring for the victim testified that the victim had approximately $150 on the day of the murder. This money was never found.

### Case No. 45920

1. Appellant Moore's single enumeration of error raises the general grounds. Reviewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

### Case No. 45919

1. Applying the same standard as in Division 1 above, we find the evidence sufficient to support the conviction of appellant Mattie Johnson.

2. Appellant Johnson contends that the trial court erred in denying her motion to sever her trial from the co-defendant, Moore.

The grant or denial of a motion to sever is within the discretion of the trial court, and absent an abuse of discretion, denial of a motion to sever is not grounds for reversal. *Short v. State*, 256 Ga. 165 (345 SE2d 340) (1986). A case for an abuse of discretion is made when the appellant shows clear prejudice caused by a failure to properly consider the three elements of severance enumerated in *Harrell v. State*, 253 Ga. 474 (321 SE2d 739) (1984). The trial court properly redacted the co-defendant's statements. *Depree v State*, 246 Ga. 240 (271 SE2d 155) (1980). Antagonistic defenses do not of themselves require severance. *Kennedy v. State*, 253 Ga. 132, 135 (317 SE2d 822) (1984). There was no abuse of discretion.

3. Appellant Johnson argues that the trial court abridged her Sixth Amendment right of confrontation by denying her a thorough and sifting cross-examination of co-defendant Moore.

"Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U. S. 15, 20 (106 SC 292, 295, 88 LE2d 15) (1985). On cross-examination appellant Johnson attempted to impeach the testimony of co-defendant Moore with an unrelated incident that occurred after the murder. The trial judge re-

fused cross-examination on this point citing the prejudice to Moore. The judge also noted Johnson's thorough impeachment of Moore's testimony by other means.[2] The appellant was afforded an effective cross-examination, and there was no error.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 1988.

*Lester M. Castellow,* for appellant (case no. 45919).
*Sam J. Gardner, Jr.,* for appellant (case no. 45920).
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.

---

[2] "Trial judges retain wide latitude insofar as the confrontation clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, . . . or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall,* 475 U. S. 673 (106 SC 1431, 1435, 89 LE2d 674) (1986).