A90A1679. WILLIAMS v. THE STATE.
(404 SE2d 296)

BIRDSONG, Presiding Judge.

Bernard Williams appeals his conviction for violating the Georgia Controlled Substances Act by possessing cocaine. He contends that the trial court erred by admitting in evidence a statement taken by the police after he asserted his right to remain silent, that the trial court erred by admitting in evidence certain physical evidence because the State failed to establish the chain of custody and also erred by denying his oral motion to suppress the evidence. He also contends the trial court erred by excusing one of the jurors and by failing to grant a mistrial after certain jurors overheard the argument of counsel on this issue. *Held:*

1. Williams argues that a statement he made, which in effect admitted ownership of the drug, should have been excluded because it was secured in violation of his right to remain silent. Although the transcript of the *Jackson-Denno* hearing shows that Williams twice asserted his right to remain silent before the statement was made, the evidence also supports, and the trial court found, that the statement was made spontaneously and voluntarily without questioning by the

police sometime later.

"On appeal, where the evidence is in conflict, the trial court's findings on factual determinations and credibility will be upheld unless clearly erroneous. *Short v. State*, 256 Ga. 165, 167 (345 SE2d 340); *Head v. State*, 191 Ga. App. 262, 264-265 (381 SE2d 519). Our review of the record shows that the trial court's determinations were not clearly erroneous, and there was no error in the admission of the statement." *Chastain v. State*, 196 Ga. App. 50, 52 (395 SE2d 570).

2. Williams argues that the trial court erred by admitting the drugs in evidence because the State failed to prove the chain of custody. He makes this argument because one chemist who analyzed the drug at the GBI crime lab did not testify and thus there was no testimony about the evidence while it was in his custody. Williams, however, makes no specific allegation that the evidence was tampered with, or that the evidence seized was not that analyzed and subsequently admitted in evidence.

The transcript shows that because this chemist was attending a special class, another chemist (also employed by the GBI) received the evidence from the first chemist, analyzed the evidence, and then testified about the results of his analysis. Additionally, the police officer who assumed custody of the evidence at the scene of the search also testified about the evidence while it was in his custody and also identified the evidence which was admitted as that seized during the search. Moreover, the officer who transported the evidence to the crime lab testified and accounted for the evidence while in his custody.

Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible. The trial court was authorized to conclude that the state had met its burden with respect to the establishment of the chain of custody in the present case. *Myers v. State*, 196 Ga. App. 104, 105 (395 SE2d 372). "There being, at most, bare speculation of tampering or substitution, the trial court correctly admitted the cocaine into evidence. *Johnson v. State*, 143 Ga. App. 169, 170 (1) (237 SE2d 681) (1977)." *Langham v. State*, 196 Ga. App. 71, 72 (395 SE2d 345).

3. Williams contends that the trial court erred by excusing from the jury the only black juror without a showing of harm to the jury process and by not granting a mistrial because some of the jurors overheard some of the argument on this issue. The evidence shows that one day after trial was adjourned, a police officer saw Williams sitting in his car with his wife, then a co-defendant, talking to this

juror, who was standing next to the car in an alley, and that when Williams saw they had been observed, he drove away quickly. Although Williams testified that he was only trying to give this elderly juror a ride home, the evidence plainly shows that he knowingly and intentionally approached a juror with the specific intent of having additional extended opportunity to communicate with her while secluded in his automobile. The transcript also shows that Williams was well aware of the potential benefit of juror misconduct because earlier proceedings in the case terminated in a mistrial because of one juror's actions. Further, the record shows the trial court ascertained that the jurors who overheard comments of counsel would be able to decide the case fairly, and the trial court gave appropriate instructions to the remaining jurors.

As these allegations arise from Williams' intentional misconduct, we will not consider them. "[One] cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing. . . . Induced error is an inadequate and inappropriate basis for a claim of prejudice." *Locke v. Vonalt*, 189 Ga. App. 783, 787 (377 SE2d 696); accord *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251). "Last, but by no means the least reason, the law will not permit an individual to profit from his own wrong. *Fuller v. Fuller*, 211 Ga. 201, 202 (84 SE2d 665)." *Ramsey v. State*, 189 Ga. App. 91, 95 (375 SE2d 63). To do otherwise would only endorse misconduct of this nature.

4. Williams also complains that the trial court erred by refusing to permit him to amend the grounds of his oral motion to suppress. Although OCGA § 17-5-30 (b) requires that motions to suppress be in writing, the record shows the trial court permitted Williams to make an oral motion to suppress because information was belatedly provided by the State. Williams contends, however, that the trial court should have let him amend his oral motion because he only learned during presentation of evidence on the motion that the police sought "no-knock" authority, but the face of the search warrant did not grant that authority.

There was no error. Having granted Williams an exception to the requirements of OCGA § 17-5-30 (b), the trial court did not err by refusing to permit Williams to amend his motion. Compare *Boatright v. State*, 192 Ga. App. 112, 117-120 (385 SE2d 298). Prior to making his oral motion, Williams had the search warrant which did not contain "no-knock" authority; Williams was present when the warrant was executed and thus knew what procedures were followed. Therefore, the fact that the police sought "no-knock" authority added no new information. The trial court did not abuse his discretion by refusing to permit Williams to amend his motion to add a new ground.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1991 —
REHEARING DENIED MARCH 13, 1991.

*Patton & Price, Charles G. Price*, for appellant.
*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.