## A91A1016. BRINSON v. THE STATE.
### (410 SE2d 50)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of armed robbery and possession of a firearm during the commission of a crime. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. The victim made an in-court identification of appellant as her assailant. In the course of her testimony, the victim gave a detailed description of her assailant and indicated that he had not worn eyeglasses. When appellant took the stand in his own defense, he testified that he had worn glasses for many years and would not drive or watch television without prescription glasses. Appellant then proffered a pair of his glasses for the jury to examine. The State objected on the ground of relevancy and the trial court sustained the objection, stating that appellant's testimony regarding his eyesight was "sufficient." This evidentiary ruling is enumerated as error.

"The Georgia rule favors admission of any relevant evidence, [cit.]. . . . [Cits.]" *Wilbanks v. State,* 165 Ga. App. 876, 878 (4) (303 SE2d 144) (1983). Appellant's use of eyeglasses had been rendered a relevant topic of inquiry by the victim's testimony that her assailant had not worn them. Although appellant may have testified as to his dependence upon eyeglasses, his testimony in that regard would not render the jury's consideration of his actual eyeglasses any less relevant. "It should require a very strong case of threatened evil, to justify a Court in preventing a party from giving additional confirmatory, cumulative and corroborative evidence, either of facts previously

proved, or which tends to strengthen, add force or probability to such evidence." *Walker v. Walker*, 14 Ga. 242 (6) (1853). Moreover, insofar as the extent of appellant's visual impairment is concerned, demonstrative evidence in the form of his actual eyeglasses can scarcely be deemed to be only cumulative of his merely oral testimony. See generally *Department of Transp. v. Petkas*, 189 Ga. App. 633, 636 (3) (377 SE2d 166) (1988). Accordingly, the trial court's evidentiary ruling with regard to appellant's eyeglasses was violative of the "Georgia rule" favoring the admissibility of any relevant evidence and was, therefore, erroneous.

However, an erroneous exclusion of evidence will not always warrant a reversal. *Tuzman v. State*, 145 Ga. App. 761, 767 (3) (244 SE2d 882) (1978). A review of the record demonstrates that appellant's guilt was not dependent solely upon the victim's identification testimony and here, as in *Burks v. State*, 195 Ga. App. 516, 518 (4) (394 SE2d 136) (1990), the evidence of appellant's guilt, considered as a whole, was overwhelming. Under these circumstances, it is highly probable that the trial court's erroneous evidentiary ruling did not contribute to the conviction and a reversal of appellant's conviction is not mandated.

2. Appellant contends, and the State concedes, that the trial court erred in failing to hold a presentence hearing as mandated by OCGA § 17-10-2. Accordingly, the sentences are reversed and the case remanded for sentencing in conformity with OCGA § 17-10-2. See *Sprouse v. State*, 242 Ga. 831, 834 (5) (252 SE2d 173) (1979).

*Judgments of conviction affirmed; sentences are reversed, and case remanded. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Charles R. Sheppard*, for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas, G. Barksdale Boyd, Assistant District Attorneys*, for appellee.