A91A1711. LEDBETTER v. THE STATE.
(414 SE2d 737)

Judge Arnold Shulman.

The appellant, Donna Ledbetter, and Danny Sweat were separately indicted but jointly tried and convicted of two counts of armed robbery and aggravated assault related to the hold-up of two convenience stores. Sweat was also indicted and convicted of two additional counts of armed robbery for the hold-up of two other convenience stores and convicted of four counts of possession of a firearm during the commission of a felony. The appellant was convicted on all counts, and she now appeals from the denial of her motion for new trial.

1. The appellant enumerates as error the failure of the trial court, without request, to charge the jury concerning its authority to convict one defendant and acquit the other. Citing *Lanzo v. State*, 187 Ga. App. 616 (4) (371 SE2d 119) (1988), she asserts that the jury was unaware that it was authorized to find her not guilty even if returning a conviction against her co-defendant. We find this contention to be without merit. The trial court specifically charged the jurors that they were to make a determination of guilty or not guilty with respect to each count in the separate indictments "involving each accused" and further instructed that they were to notate their decision as to each of the counts against the appellant on the back of her indictment. The charge as a whole adequately covered the basic principles complained of by the appellant. See *George v. State*, 260 Ga. 809 (5a) (400 SE2d 911) (1991); *Rivers v. State*, 178 Ga. App. 310 (1) (342 SE2d 781) (1986).

2. The appellant contends that the trial court erred in refusing to sever her case for trial from that of her co-defendant on the basis that the offenses charged against both defendants did not show a common scheme or plan, that her co-defendant's unrelated charges tended to confuse the jury, and because she desired to call Sweat as a witness. " 'When two or more defendants are charged with identical crimes or with different offenses which are part of a common scheme or plan, they may be jointly tried in the discretion of the trial court provided such a trial does not hinder a fair determination of each defendant's guilt or innocence. (Cits)' [Cit.]" *Kirby v. State*, 174 Ga. App. 58, 59 (1) (329 SE2d 228) (1985). The grant or denial of a motion to sever is within the discretion of the trial court; and absent an abuse of discretion, the denial of a motion to sever will not be reversed. *Short v. State*, 256 Ga. 165, 168 (4) (345 SE2d 340) (1986). "The defendant seeking severance must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and consequent denial of due process." *Murphy v. State*, 246 Ga. 626, 629 (2) (273 SE2d 2) (1980). "A case for an abuse of discretion is made when the appellant shows clear prejudice caused by a failure to properly consider the three elements of severance enumerated in *Harrell v. State*, 253 Ga. 474 (321 SE2d 739) (1984)." *Johnson v. State*, 258 Ga. 504, 505 (2) (371 SE2d 651) (1988). In the present case it appears that each of the counts with which the appellant was charged was clearly distinguished from her co-defendant's unrelated charges in order to avoid confusion by the jury and that these counts were tried on the theory that they constituted a common scheme or plan with her co-defendant. Moreover, her co-defendant's testimony of which she claims she was erroneously deprived was cumulative of other testimony adduced at trial. Under the circumstances, we conclude that the appellant failed to make a showing of clear prejudice that is required to warrant a severance, with the result that the trial court did not manifestly abuse its discretion in refusing to grant the appellant a separate trial. See *Kennedy v. State*, 253 Ga. 132, 134 (2) (317 SE2d 822) (1984).

3. The appellant challenges the sufficiency of the evidence. The evidence adduced at trial showed that on August 16, 1990, the Circle K convenience store located in Hog Mountain was robbed by an armed gunman, later identified as Sweat, who left the scene in a silver Pontiac Fiero automobile owned by the appellant which had discernible body damage to it. The appellant was spotted driving the vehicle immediately after the robbery when she swerved to avoid colliding with another vehicle at an intersection approximately 4/10 of a mile from the store. The following day the Party Time Store was robbed at gunpoint by Sweat. Sweat fled from the store, entered the passenger side of the appellant's vehicle, and shot the store clerk as he chased

the car. On August 19, 1990, a police officer who had responded to an aggravated domestic call involving the appellant and Sweat ascertained from the appellant's daughter that the couple had been involved in the convenience store robberies. Upon searching the defendants' room, the officer discovered a pouch in the appellant's purse which contained various denominations of currency and coins and found items taken during the first robbery under the mattress. Moreover, the appellant stated to the officer that "I drove [Sweat] to [the Party Time] store on Killian Road, but I didn't see him shoot anybody." The evidence introduced at trial, considered in its totality, was sufficient to enable any rational trier of fact to find the appellant guilty of each of the offenses of which she was convicted beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 17, 1992.

*Walter J. Clarke*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.