## A95A0995. SINKFIELD v. THE STATE.
(458 SE2d 664)

BIRDSONG, Presiding Judge.

Damon Bernard Sinkfield appeals the grant of a mistrial to the State in his trial for the murder of James Gregory Holiday and other offenses including carrying a weapon on school property; he appeals the denial of his plea of former jeopardy based on an erroneous grant of mistrial without "manifest necessity" under *Haynes v. State*, 245 Ga. 817, 819 (268 SE2d 325), citing *United States v. Dinitz*, 424 U. S. 600, 606-607 (II) (96 SC 1075, 47 LE2d 267); and see *Foody v. State*, 205 Ga. App. 666 (423 SE2d 423).

The trial court granted a mistrial to the State following defense counsel's effort to impeach a State's witness with the criminal conviction records of another person by the same name. The witness, Frederick Coleman, testified that about two weeks before the murder, he saw an incident at a drive-in restaurant in which appellant, riding by in a car, shot at the victim after a dispute. On cross-examination defense counsel produced a certified copy of an accusation, plea and sentence of "Frederick Coleman" for the offense of felony theft by taking and false report of a crime. The witness testified that he "might have been" convicted of those offenses, but he did not recall. The witness then denied the signature on the plea was his. He was asked if he had been before Judge Isom in January 1993; he said "No, not that I recall" and that he had never been on probation, but he volunteered, "I have been going to court for aggravated assault, and I took that to trial, that's the court I've been going to, and I beat that about two months ago. I took a trial." The witness again denied the signature on the conviction documents was his and volunteered that he had been on probation as a juvenile. He was asked about his knowledge of probation officers, and said, "I have never seen a probation officer in Clayton County." The State objected to this questioning unless defense counsel gave evidence that this is the same "Frederick Coleman." Defense counsel asked whether he was ever convicted of a crime, and he responded that he "never got convicted of a crime here in Clayton County." The State then objected and moved for mistrial on grounds that the attempt to impeach the witness with the criminal records of another person had resulted in the admission of additional evidence which was not admissible to impeach this witness.

The trial court reviewed the testimony and concluded that corrective instruction would not cure the error and prejudice. *Held*:

The grant of mistrial was not error. As the State put it, a witness gave "crucial" testimony that in prior conduct appellant had discharged a firearm at the victim, and this witness had then been "[dragged] through the mud for . . . no reason." The State did not contend defense counsel's mistake in the identity of the witness was intentional, but the State urged that it could have been avoided. We agree that the witness was an important witness for the State and the trial court did not abuse its discretion in determining that the damage done to his character could not be corrected. Appellant contends this witness as to prior conduct between the parties was not a significant witness in view of the State's evidence of guilt against appellant for the murder itself, but this point is not well taken. Appellant has pled not guilty to murder and maintains his innocence; this witness' evidence may remove a reasonable doubt as to the elements of murder in the jury's judgment, and we will not undertake to speculate what evidence the jury may deem significant.

The trial court's declaration of a mistrial over defendant's objection is subject to stringent limitations. Retrial is permissible only if a "manifest necessity" existed for the declaration of mistrial, lest the ends of public justice be defeated. The defendant's right to have his trial completed by a particular tribunal is not absolute but is weighed against the public's right to a fair trial, and the trial court's decision must take into account the surrounding circumstances, including a consideration of the alternatives to termination of the trial. *Foody*, supra at 666-667; see *Dotson v. State*, 213 Ga. App. 7, 8 (443 SE2d 650). The defendant's right to a fair trial is not paramount to the State's right to a fair trial. The trial court has the duty to ensure a fair trial to all parties in a case and has as much authority to grant a mistrial where injustice is caused to the State as where injustice is caused to the defendant. *State v. Abdi*, 162 Ga. App. 20, 22 (288 SE2d 772), aff'd *Abdi v. State*, 249 Ga. 827 (294 SE2d 506).

The trial court determined that the prejudicial and inadmissible matter elicited by the defense made it impossible for an impartial verdict to be reached and the fact that the actions which elicited that evidence were unintentional or innocent does not make the evidence less prejudicial or less inadmissible. The trial court did not abuse its discretion in granting a mistrial based on manifest necessity. The denial of appellant's former jeopardy plea was therefore not error. Appellant may be retried consistent with the Fifth Amendment. See *Venson v. State*, 212 Ga. App. 540 (441 SE2d 893).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 12, 1995 —
RECONSIDERATION DENIED JUNE 5, 1995.

*William H. Turner, Jr.,* for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney,* for appellee.