## A96A0599. THE STATE v. BATTAGLIA.
### (470 SE2d 755)

BIRDSONG, Presiding Judge.

Appellee Joseph Dominic Battaglia was charged with DUI and failure to maintain lane. Jury trial was terminated by grant of the State's mistrial motion; thereafter, the State sought to retry appellee. Appellee filed a plea in bar and motion to dismiss upon double jeopardy grounds which was granted, and the State appeals.

The mistrial ruling occurred when appellee's counsel was cross-examining the State's witness, Deputy Higdon. The deputy previously had testified that appellee had provided no medical excuse for being unable to perform field sobriety tests, and had not disclosed that vertebrae in his back were fused. He also had testified as to appellee's staggering and slurred speech, and that appellee was wearing jeans, a white dress shirt, and a black jacket. Appellee's counsel subsequently inquired as to what type of shirt appellee was wearing when he exited his vehicle. When the deputy responded that "I just recall it being a white dress shirt," appellee's counsel suddenly pulled up appellee's shirt revealing a previously concealed body brace and asked, "did he not show you the brace [he was wearing]." Appellee's brace was a large, wide device containing both plastic and bandages and extended approximately from his groin to his nipple area.

The State immediately requested an out-of-court hearing where it timely moved for mistrial because of appellee's improper introduction of evidence. The trial court stated that "what [appellee has] done basically is introduce evidence. The jury's already seen that, and the damage done is irreparable. Once they've seen it, we can't take that away." The trial court also concluded that the improper conduct "is obviously something [appellee has] contemplated." The trial judge heard argument from both the State and appellee in chambers. Upon returning to the courtroom, he explained the alternatives considered and then declared a mistrial, after concluding it would be impossible to proceed to trial without an injustice resulting.

On motion for plea in bar and motion to dismiss, the trial judge reviewed his own ruling in granting the mistrial motion, and con-

cluded he had erred and should have followed the less drastic alternative of having appellee's wife testify as to appellee's bad back.

The State asserts that manifest necessity existed for the granting of the mistrial motion because the conduct of appellee's counsel was deliberate and designed to circumvent the State's right of cross-examination. The State argues that, as the Intoximeter test results had been suppressed and the State's case depended largely on appellee's inability to complete the field sobriety tests, the effect of the intentional improper demonstration of appellee's body and concealed body brace was to refute effectively the State's contention that appellee was unable to perform field sobriety tests because of alcohol consumption. *Held*:

1. Every party has a right to a thorough and sifting cross-examination of witnesses called against him. See generally OCGA § 24-9-64. However, the conduct of appellee's counsel in this case exceeded the authorized scope of cross-examination as a matter of law. Under the circumstances here attendant, appellee's counsel in essence injected, during the course of cross-examination, independent non-testimonial evidence on the part of appellee by exposing a concealed portion of appellee's body and the brace to the jury. Cf. *Little v. State*, 135 Ga. App. 772 (2) (219 SE2d 19) (State's witness was allowed to be recalled to give *rebuttal* testimony after the defendant exhibited the tattoos on his arms when his counsel was cross-examining the witness during the State's case-in-chief). The act at issue conveyed evidentiary information to the jury. It not only imparted to the jury the knowledge of the existence of the brace, but tended to authenticate the necessity for appellee's use thereof and to give rise to the previously non-existent inferences that appellee was wearing a brace during the incident and that he was impaired in his ability to manipulate his body flexibly, which could have negatively affected his driving and sobriety test-taking ability. The act of revealing the concealed brace and a portion of appellee's constricted torso occurred when appellee was not under oath. Whether the act was deliberate and calculated, it facilitated the improper admission of non-testimonial evidence under circumstances denying the State any opportunity to cross-examine appellee regarding the manner and degree, if any, to which the brace impaired his dexterity. Inherent within the trial court's ruling was a finding that appellee's conduct exceeded the bounds of legitimate cross-examination.

Overreaching cross-examination may not be used as a vehicle to enable a party to present non-testimonial evidence without being subject to oath, or to subvert the ability of the opposing party to cross-examine the party proponing such non-testimonial evidence. Within carefully protected legal parameters, the scope of cross-examination lies within the sound discretion of the trial court; this

discretion will not be disturbed by an appellate court absent manifest abuse. *Thomas v. Clark*, 188 Ga. App. 606, 608 (4) (373 SE2d 668). Basically, the confrontation clause " 'guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way and to whatever extent, the defense might wish.' " (Citation omitted.) *Johnson v. State*, 258 Ga. 504, 505 (3) (371 SE2d 651). The trial court did not manifestly abuse its discretion in concluding, at trial, that due to the conduct of appellee's counsel "it would be impossible to proceed with the trial without injustice resulting."

*Brinson v. State*, 201 Ga. App. 80 (1) (410 SE2d 50), cited by appellee, is distinguishable in two significant aspects. First, the glasses were proffered for jury examination only after the defendant had taken the stand in his own defense and had testified regarding his wearing of prescription glasses. Secondly, there was no exposure of a concealed part of defendant's body during the course of the proffer. *Brinson*, supra, is not controlling.

2. However, our holding that the trial court did not manifestly abuse its discretion, at trial, in determining the conduct of appellee's counsel was prohibited and exceeded the legitimate scope of cross-examination is but a threshold ruling. There remains the question whether retrial of appellee would constitute double jeopardy.

Here the jury was impaneled and sworn so jeopardy attached. *Oliver v. State*, 216 Ga. App. 76, 77 (453 SE2d 746). The motion for mistrial was initiated by the State. Thus, "[r]etrial is permissible only if a manifest necessity existed for the declaration of the mistrial lest otherwise the ends of public justice be defeated; the existence of manifest necessity is to be determined by weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into consideration all the surrounding circumstances. While the trial court exercises sound discretion as to these matters, the power of the trial judge to interrupt the proceedings on his own or [on] the prosecutor's motion by declaring a mistrial is subject to stringent limitations. However, manifest necessity for a mistrial can exist alongside less drastic alternatives *so long as* the record discloses that the trial court considered alternatives *before declaring mistrial*. If[, as in this case,] a mistrial is declared without a defendant's consent *or* over his objection, the defendant may be retried only if there was a manifest necessity for the mistrial." (Citations and punctuation omitted.) *Dotson v. State*, 213 Ga. App. 7, 8 (443 SE2d 650); accord *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483); compare *Stevens v. State*, 215 Ga. App. 718 (1) (452 SE2d 176). "A manifest necessity to declare a mistrial may exist 'under urgent circumstances,' [cit.], such as where 'an

impartial verdict cannot be reached, or (where) a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial.' [Cit.] Because of ' "the severe consequences of ordering a mistrial without the accused's consent," (cit.),' [cit.], a trial court should give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, with a keen eye toward other, less drastic, alternatives, calling for a recess if necessary and feasible to guard against hasty mistakes, [cit.]." *Smith*, supra at 783 (1).

In granting appellee's plea in bar and motion to dismiss, the trial judge in essence held that he had erred in granting the State's mistrial motion and opined: "While defense counsel's conduct was improper (certainly resulting in mistrial if something similar had been done by the prosecutor), Georgia law apparently allows much more leeway to the defendant in a criminal trial in protecting his constitutional rights of avoiding double jeopardy." This threshold analysis is in error. "The defendant's right to a fair trial is *not* paramount to the State's right to a fair trial. The trial court has the duty to ensure a fair trial to all parties in a case and has as much authority to grant a mistrial where [an] injustice is caused to the State as where injustice is caused to the defendant." (Emphasis supplied.) *Sinkfield v. State*, 217 Ga. App. 527, 528 (458 SE2d 664). Thus, if appellee's conduct "certainly" would have resulted in a mistrial if done by the prosecution, it also perforce (*Sinkfield*, supra) would have resulted in the legitimate granting of a mistrial when done by appellee through conduct of trial counsel. This error in analysis taints the remaining holdings of the trial judge and, standing alone, necessitates case reversal and remand for reconsideration after applying the attendant facts to the correct legal standards here applicable.

The trial court, after recognizing that the conduct of trial defense counsel "was flagrantly unfair," concluded that, although it had considered less drastic alternatives before declaring a mistrial, it should have followed one alternative suggested by the defense. Specifically, it should have delayed its ruling to determine if appellee's wife could testify regarding his wearing of the back brace and identify the brace in court, and whether medical testimony would be introduced regarding appellee's back problems. The trial court speculated that "in such scenario [it] *probably* would not have granted the prosecutor's motion for a mistrial, but merely admonished defense counsel in front of the jury and given a curative instruction to the jury." (Emphasis supplied.) The trial court opined "the court cannot conclude that the conduct was so prejudicial that it would have been impossible to proceed with the trial without injustice resulting."

The trial court erroneously focused on the ultimate admissibility

of the non-testimonial evidence at issue, the back brace, and failed to consider the equally cogent issue of the improper admission by appellee himself of non-testimonial evidence under circumstances depriving the State of any thorough cross-examination of appellee. This is not a situation where the scope of cross-examination merely was limited; rather, by appellee's ploy, the State was denied entirely any opportunity to cross-examine the proponent of the non-testimonial evidence. " ' "Cross-examination of the witness of an adversary is a substantial right, the preservation of which is essential to a proper administration of justice, 'and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy,' and it is error to deny or abridge this right." ' " (Citation omitted.) *Snelling v. State*, 215 Ga. App. 263, 264 (1) (a) (450 SE2d 299). The unprofessional conduct of appellee's counsel of exhibiting appellee so as to present non-testimonial evidence to the jury allowed appellee to present evidence personally to the jury without being called as a witness, thereby in effect depriving the State of any opportunity to cross-examine the accused. The alternative procedures, which the trial court concluded should have been followed, would not restore the State's opportunity of cross-examination, and thereby would not have accorded the State its right to a fair trial. "However, ' "manifest necessity for a mistrial can exist alongside less drastic alternatives, so long as the record discloses that the trial court considered alternatives before declaring mistrial." ' " (Citation and emphasis omitted.) *Dotson*, supra at 8 (1). Under the totality of the circumstances, the trial court did not err in originally declaring a mistrial, but did err in subsequently granting appellee's plea in bar and motion to dismiss. *Stevens v. State*, supra, is distinguishable. In this case, " '[d]efense counsel [improperly] aired . . . prejudicial [non-testimonial] evidence before the jury, the possible impact of which the trial judge was in the best position to assess [at the time the mistrial motion was made]. The trial judge did not act precipitately in response to the prosecutor's request for a mistrial. . . . We are therefore persuaded by the record that the trial judge acted responsibly and deliberately, and accorded careful consideration to [appellee's] interest in having the trial concluded in a single proceeding. Since[, at trial,] he exercised "sound discretion" in handling the sensitive problem of possible juror bias created by the improper [introduction of appellee's non-testimonial evidence by defense counsel free from the ultimate test of witness credibility, that is, the thorough and sifting cross-examination of appellee], the mistrial order is supported by the "high degree" of necessity which is required in a case of this kind. . . . [I]n these circumstances, "the public's interest in fair trials designed to end in just judgments" must prevail over the defendant's "valued right" to have his trial concluded before the first jury

impaneled.'" (Citation omitted.) *Phelps v. State*, 187 Ga. App. 236, 237 (369 SE2d 506).

Additionally, when, as in this case, the defendant is responsible for the egregious error resulting in a mistrial, and the trial judge gives consideration to reasonable alternatives after hearing argument prior to the grant of mistrial, the defendant should not be allowed to object to a retrial on double jeopardy grounds. See *McGarvey v. State*, 186 Ga. App. 562, 563 (368 SE2d 127) (dicta); *State v. Abdi*, 162 Ga. App. 20, 22 (288 SE2d 772), aff'd *Abdi v. State*, 249 Ga. 827 (294 SE2d 506). This is consistent with the well-established legal principle that "'the law will not permit an individual to profit from his own wrong.'" (Citation omitted.) *Williams v. State*, 199 Ga. App. 122, 124 (3) (404 SE2d 296).

For each of the above reasons, the trial court erred in granting the plea in bar and motion to dismiss. Accordingly, judgment is reversed and the case remanded for entry of a ruling consistent with this opinion.

At oral argument, the State's appellate counsel degraded the solemnity of the appellate proceedings by appearing before this Court wearing, under her jacket, a brace which she thereafter purposely displayed to this Court. This brace was not an appellate exhibit in this case, and its display in this manner served no legitimate appellate function. By wearing this brace, counsel made an undignified and unprofessional appearance before this Court in flagrant disregard of traditional appellate decorum. In appearing in his or her professional capacity before a tribunal, a lawyer shall not "engage in undignified or discourteous conduct which is degrading to a tribunal." Directory Rule 7-106 (C) (6). This Court will not condone such conduct.

*Judgment reversed and case remanded with direction. Beasley, C. J., concurs. Blackburn, J., concurs specially.*

Blackburn, Judge, concurring specially.

I concur fully with the majority opinion except for the final paragraph concerning oral argument.

Decided April 12, 1996 —
Reconsideration denied May 6, 1996 —

*Sara D. Yarbrough, Solicitor*, for appellant.
*Burkett, Schneider & Mumford, William Schneider*, for appellee.