A03A2552. POPE v. THE STATE.
(597 SE2d 632)

BARNES, Judge.

Grady Loyd Pope appeals his conviction for two counts of forcible rape of his granddaughters. He was sentenced on both counts to twenty years in prison with ten years to serve in confinement and the remaining ten years to be served on probation. Both sentences were to run concurrently. On appeal, Pope contends that the trial court erred by refusing to admit evidence that the victim made prior false allegations, by limiting his cross-examination of certain witnesses, by excluding some of his witnesses, and by excluding a witness's prior consistent statement. Finding no reversible error, we affirm.

1. The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that two of Pope's granddaughters testified that he forced them to have sex with him without their consent on three occasions with one granddaughter and on three or four occasions with the other granddaughter. This evidence was sufficient to sustain his convictions under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pope alleges the trial court erred by disallowing evidence of prior false allegations by the victims. Before trial, Pope moved to exclude evidence of specific instances of misconduct to impeach a witness's character or credibility unless the misconduct resulted in a criminal conviction. At the hearing on his motion, however, Pope argued that the victims reported that Pope had molested 13 of his other grandchildren, and he wanted to bring those allegations before the court and then call the other grandchildren to deny that Pope had molested them. According to Pope, he should be allowed to do this because it went to the credibility of the victims. Holding that the victims would not be allowed to testify that Pope had molested the other children, the trial court excluded this evidence.

On appeal, Pope contends the evidence should have been admitted because it went to the heart of the victims' credibility. We note initially that what Pope argues in this court and in the trial court was directly contrary to what his written motion asserted. His written

motion asked the trial court to exclude the very evidence that his oral argument at trial contended should have been admitted. If the trial court was confused by this tactic, the fault rests with Pope and he cannot profit from it because he induced what he now claims was the trial court's erroneous ruling. One cannot complain of a result he procured or aided in causing. *Locke v. Vonalt*, 189 Ga. App. 783, 787 (5) (377 SE2d 696) (1989).

Further, ultimately the trial court did not completely exclude this testimony. The court ruled that Pope should advise the court when he wanted to raise the issue and make a proffer, and then the court would decide whether he would permit it. The transcript shows that Pope was permitted to proceed in the manner that he sought.

Pretermitting whether the victims' statements that Pope admitted molesting all of his grandchildren constituted a prior false allegation by the victims,[1] we find no error in the procedure established by the trial court. "The trial judge has inherent power to supervise the course of the trial and to prescribe the manner in which court business will be conducted." (Citation omitted.) *Palmer v. State*, 186 Ga. App. 892, 895 (2) (369 SE2d 38) (1988). Further, as a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986). Here, we find no evidence that the trial court abused its discretion by delaying its ruling on the admissibility of this evidence until a later point in the trial.

Moreover, as stated above, the trial court did not exclude the testimony of these witnesses. All of the witnesses that the victims identified as having been molested by the defendant were allowed to be called by the defense and were allowed to deny that Pope, their grandfather, had molested them. Further, Pope's wife was allowed to testify that he did not admit in her presence to having molested his grandchildren.

3. Pope also complains that the trial court erred by restricting his cross-examination of the victims. After the witness testified that Pope had quit bothering her when she reached age 17, defense counsel asked, "You're saying he started bothering other kids or what at that time?" The prosecutor objected immediately, and defense counsel argued that, "I'm saying did she have personal knowledge herself that [Pope had] bothered anybody else after 17." The court ruled, in

---

[1] The victims, with certain exceptions, did not allege that Pope molested all of his grandchildren. Instead, they testified that Pope said he had molested all of them, and one victim testified that he admitted in front of his wife that he molested all of his grandchildren.

effect, that this subject was not relevant. We find no error. Although a defendant is entitled to a thorough and sifting cross-examination of the State's witnesses, OCGA § 24-9-64,

> [w]ithin carefully protected legal parameters, the scope of cross-examination lies within the sound discretion of the trial court; this discretion will not be disturbed by an appellate court absent manifest abuse. Basically, the confrontation clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way and to whatever extent[ ] the defense might wish.

(Citation and punctuation omitted.) *State v. Battaglia*, 221 Ga. App. 283, 284-285 (1) (470 SE2d 755) (1996).

Pope also contends the trial court erred by sustaining the State's objection when he sought to cross-examine one of the victims about her conduct during a visit she made to her grandparents' home in 1999. The transcript shows that the State's objection was based on its contention that the cross-examination Pope wished to pursue was beyond the scope of the rebuttal. We find no error. "The court did not abuse its discretion in controlling the scope of rebuttal testimony. *Smith v. State*, 126 Ga. 803 (3) (55 SE 1024) (1906)." *Ware v. State*, 252 Ga. 90, 91 (5) (310 SE2d 908) (1984). Moreover, the transcript shows that before the objection was ruled on the victim answered Pope's question and denied the conduct Pope attributed to her. The trial court did not remove this testimony from the jury's consideration.

Accordingly, we find no error in the trial court's rulings on these issues.

4. Pope alleges the trial court erred by excluding the testimony of some of Pope's grandchildren. On appeal, he argues that he wanted to call all of the grandchildren and have them testify that Pope did not molest them. This is not, however, what Pope asserted in the trial court. Initially, he stated that he was not talking about the allegations about all of the grandchildren. Later, Pope stated that he wanted to call the grandchildren who were specifically named by the victims. The court allowed him to call as witnesses those grandchildren that the victims alleged were molested by Pope, and not those whom the victims contended Pope admitted to have molested.

We find no error. Pope was allowed to call as witnesses those grandchildren that the victims testified were molested by Pope, and have them deny that they were molested. Because the victims never alleged that Pope had molested the other grandchildren, the testimony of those other grandchildren was simply not relevant to either the victims' credibility or any other issue in the case. Accordingly, their testimony was properly excluded. OCGA § 24-2-1. Questions of

relevancy are generally matters within the trial court's discretion and it is not error to exclude evidence that is not related to an issue at trial. *Sleeth v. State*, 197 Ga. App. 349, 350 (3) (398 SE2d 298) (1990).

5. Pope also alleges that the trial court erred by relying on the Rape Shield Statute to exclude the testimony of his wife that one of the victims told her that she made these allegations because her husband wanted to know why she was not a virgin, and also limited his cross-examination of the victim on this point. Pope argued that he should be entitled to cross-examine this victim about that statement, and "if she doesn't say it" have Mrs. Pope testify about what she heard. The transcript shows, however, that after the prosecution conceded that Mrs. Pope could be examined on this victim's motive for coming forward, the trial court did not exclude Mrs. Pope's testimony on this point.

When testifying this victim said that she came forward with these allegations because she and her sister had been molested by Pope and she made the allegations after her sister came forward. She also testified that she had discussed the matter with her husband, but that was not the reason she came forward. Pope did not attempt to cross-examine her about her alleged statement to Mrs. Pope.

The transcript then shows that when Mrs. Pope was called as a defense witness, she was not asked about this victim's motivation for making the allegations, and the trial court made no ruling on the issue. Under these circumstances, we have nothing to review. Further, we note again, that contrary to Pope's arguments here, his written motion in limine did not ask the trial court to admit this evidence. Therefore, it was Pope's burden to obtain a ruling on the admissibility of this testimony, and his failure to do so waives appellate consideration of this issue.

6. Pope contends the trial court erred by excluding a videotape of a witness's prior consistent statement. He argues that he was entitled to show this videotape under *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998), because the witness's veracity had been questioned at trial. Pope alleges that the witness's veracity had been attacked because one of the victims testified that the witness had been molested, and the witness denied that she had been molested.

This argument misconstrues what it means for a witness's veracity to be attacked. "[A] witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination." *Woodard*, 269 Ga. at 320 (2). Further, "[u]nless a witness's veracity has affirmatively been placed in issue, the witness's prior consistent statement

is pure hearsay evidence, which cannot be admitted merely to corroborate the witness, or to bolster the witness's credibility in the eyes of the jury." (Footnote omitted.) Id. Under the evidence in this case, the witness's veracity was not placed in issue and the trial court did not err by excluding the videotape.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 26, 2004.

*Cook & Connelly, Rex B. Abernathy*, for appellant.

*Donald N. Wilson, District Attorney, Fred A. Lane, Jr., Assistant District Attorney*, for appellee.